WILLIAM A. BEECHER and WILLIAM F. ANDERSON, appellants, *v.* EDWARD H. JAMES and JAMES L. JAMES, appellees.

*Appeal from Morgan.*

The rule of law is well settled, that irregularities, either in process or proceedings, are cured either by appearance, or by taking any subsequent step in the cause, without objection.

An attachment, in aid of a suit at law, is process, and is made, by statute, part of the proceedings in the suit; it is consequently the duty of a defendant, desiring to quash the same, to make his motion at the return term of the attachment. By appearing and pleading, without making objection to the attachment, he waives all irregularity.

The word printed " term," in § 30 of the act concerning attachments, should have been " time," as appears from the original law on file in the Secretary's Office.

§ 28 of the same act authorizes the amendment of the affidavit, after a motion to quash.

AT the March term, 1840, of the Morgan Circuit Court, the Hon. Samuel H. Treat presiding, the attachment in this cause was quashed because the bond was executed in the name of the appellants, by William Thomas, their attorney in fact, and no evidence was produced that he was authorized to execute the bond. The appellants excepted to the opinion of the Court, and brought the cause to this Court by appeal.

R. YATES, for the appellants.

H. B. McCLURE, for the appellees, contended, that moving to quash or set aside a writ, is not an appearance under it. 1 Cowen, 209 ; 4 Cowen, 148.

Lockwood, Justice, delivered the opinion of the Court:

The record in this case shows the following facts. On the 28th of November, 1838, the plaintiffs commenced an action of *assumpsit* on a promissory note against the defendants, and filed a declaration in the cause.

On the same day the plaintiffs filed an affidavit and bond, and sued out an attachment, in aid of said action, under the act concerning attachments. The summons and attachment were returnable at the March term, 1839, and were both returned served at that term.

At said March term, the defendants appeared and filed their plea of *non-assumpsit.* At the June term, 1839, the cause was tried, and judgment rendered for the plaintiffs.

The defendants then interposed a motion to quash the attachment, for several irregularities which were alleged to have intervened in obtaining the attachment. Whereupon the plaintiffs, by leave of the Court, amended their affidavit upon which the attachment was issued, and the Court overruled the motion to quash the attachment.

The plaintiffs then moved the Court for an order requiring a special execution to issue, directing a sale of the property attached, and also, for judgment against the garnishees summoned in the cause; which motion being resisted, the consideration thereof was continued to the next term.

At the March term, 1840, the attachment was dismissed, and plaintiffs excepted.

The error relied on, is the dismissing the attachment.

The attachment issued in this case, was authorized by § 30 of the act concerning attachments, passed the 12th February, 1833, which declares, that "plaintiffs in any action of debt, covenant, trespass, or on the case upon promises, having commenced their action or actions by summons, may at any term [time] pending such suit, and before judgment therein, on filing in the office of the clerk where such action is pending, a sufficient affidavit and bond, sue out an attachment against the lands and tenements, goods and chattels, rights, credits, moneys, and effects of the defendant; which attachment shall be entitled in the suit pending, and be in aid thereof, and such proceedings shall be thereupon had, as are required or permitted in original attachments, in all things as near as may be."(1)

The word printed "term," in the above section, should have been "time," as appears from the original law on file in the Secretary's Office. The amendment of the affidavit in the Court below, was authorized by § 28 of the same act.

§ 30 above quoted, authorizing an attachment to issue in aid of the suit, and to be entitled in the pending cause, was probably intended by the legislature as a substitute for the special bail

(1) R. L. 94; Gale's Stat. 77.

allowed at common law. By obtaining and levying an attachment, a defendant is prevented from fraudulently selling or carrying off his effects, during the pendency of the suit. An attachment is process, and by the act is made part of the proceedings in the suit; it was consequently the duty of the defendants to have made their motion to quash the attachment at the return term of it.

If a party can be permitted to lie by, after appearance and pleading, and take no notice of irregularities till the close of the suit, the greatest injustice would be the consequence. In this case the salutary object of taking out the attachment would be completely defeated. Had the motion to quash been made at the return term of the attachment, and had it been successful, the plaintiffs could immediately have taken out another attachment, and prevented the defendants from squandering their property. The rule of law, however, is well settled, that irregularities, either in process or proceedings, are cured either by appearance, or taking any subsequent step in the cause without objection. The doctrine on this subject is fully laid down in this Court, in the case of Easton *et al. v.* Altum.(1)

We, therefore, deem it unnecessary to enquire whether the irregularities complained of exist or not; as the defendants, by appearing and pleading at the March term, 1839, without making objection to the attachment, have waived them.

The judgment, dismissing the attachment, was consequently erroneous, and is reversed with costs, and the cause remanded, with instructions to the Circuit Court to grant the special execution to sell the property attached, and to proceed according to law against the garnishees.

*Judgment reversed.*

*Note.* See Lea *v.* Vail, *Post,* and note.