No. 62.

## PICKRELL ET AL. *v.* JERAULD ET AL.

EXEMPTION.—*Set-off.— Claim as Against.—Parties.—Claim Assigned.*—In an action by the assignee of a claim, the assignor, on his petition, may be made a party plaintiff, and the proceeds of the note be claimed by both such plaintiffs as exempt, as against a judgment pleaded as a set-off, which the defendant held against the assignor before the claim was assigned.

SAME.—*Execution Never Issued.*—In such an instance it is not necessary that an execution should have been issued before the claim for exemption is made.

SAME.—*Construction of Exemption Laws.*—The exemption laws are construed liberally in favor of the debtor.

SAME.—*Judgment Conclusive.— Can Not be Shown that Action was, in Fact, on a Tort, Defeating Exemption.*—In such an action if the pleading upon which the judgment sought to be set-off against the claim was based upon an account, or contract, it can not be shown that the cause of action set out in such complaint was, in fact, a *tort,* and not a contract, in order to defeat the right of exemption.

From the Gibson Circuit Court.

*L. C. Embree,* for appellants.

*J. H. Miller,* for appellees.

ROBINSON, J.—The appellee Martha R. Jerauld, the plaintiff, in the court below, sued the appellants on a note made payable to Sylvester B. Jerauld, her husband, which was by him assigned to her.   The appellants answered, in four paragraphs :

1st. General denial.   2d. Payment.   3d. That the note was executed without consideration.   4th. Set-off, which was a judgment rendered by the Gibson Circuit Court, on the 21st day of February, 1887, against Sylvester B. Jerauld, the payee of said note, and in favor of Martin V. Witherspoon and others, in the sum of two hundred and sixty-eight dollars and seventy-three cents, which judgment was properly assigned to the appellant Pickrell before this suit commenced, and before said Jerauld assigned the note in suit to

his wife, Martha R. Jerauld, appellee; that the other appellant, William D. Daniels, was only surety. The appellee, Martha R. Jerauld, demurred to the fourth paragraph of the answer, which demurrer was overruled. Thereupon Sylvester B. Jerauld filed his petition, which was sworn to, asking to be made a party plaintiff to this action, which petition stated and set forth, among other things, that he was the same Sylvester B. Jerauld against whom the judgment mentioned in the fourth paragraph of the answer was rendered in favor of Martin V. Witherspoon, and others; that said judgment was rendered for a debt growing out of, and founded upon a contract between said judgment defendant and plaintiffs during the years 1882 and 1883, in the State of Indiana, and not prior thereto; that the petitioner was a . resident and householder of the State of Indiana, and had been such resident householder since January 1st, 1872, and as such resident householder has been at all times, since the rendition of said judgment, entitled to have six hundred dollars' worth of his property exempt from execution; that at the time he assigned said note he owned less than six hundred dollars' worth of property rights, credits and choses in action, including the note* sued on in this action, and the court, over a motion to reject said petition, granted the prayer thereof, and ordered said petitioner to be made a party plaintiff to said action, and the appellees filed a reply, in two paragraphs, to the second, third, and fourth paragraphs of the answer:

1st.   General denial.

2d.   That on the 21st day of February, 1887, by the consideration of the Gibson Circuit Court, of Gibson county, Indiana, said Martin V. Witherspoon, and others, were plaintiffs, and Sylvester B. Jerauld was defendant, the plaintiffs in said action obtained a personal judgment against said defendant for $268.73, and costs of suit; that said judgment was rendered for and upon a debt growing out of and founded upon a contract between said judgment plaintiff and defendant for divers lots of flour, meal, bran, screenings, and other mer-

chandise sold and delivered by the judgment plaintiffs to the judgment defendant during the years 1882, 1883, and prior thereto ; that said goods and merchandise were both sold and delivered in the State of Indiana, and that said judgment was rendered upon and for no other cause of action ; that said Sylvester B. Jerauld is a resident householder of the State of Indiana, and has been such resident householder of the State of Indiana since the first day of January, 1872, and as such has been entitled, at all times since the rendition of said judgment, to have six hundred dollars' worth of his property exempt from sale on execution ; that upon ———— day of May, 1887, the date upon which the note in suit was assigned to the plaintiff, he had and owned the following property, and here sets out a list and the value of such property owned by him on that date, amounting to $433.75, which includes the note in suit, and that the described property was all the property, real and personal, owned by him, or in which he had any interest at the time he assigned said note ; and that he has not, at any time since the rendition of said judgment, owned as much as six hundred dollars' worth of property, including both personal and real; that the inventory and schedule of the property contain a full and true account of the property of said Sylvester B. Jerauld within or without the State of Indiana, as well as of the rights, credits, effects, choses in action, and of all other personal property of every kind and description whatever belonging to him, or in which he had any interest whatever at the time the note in suit was assigned, and the valuation fixed upon said property in said schedule was a fair and reasonable valuation, and they filed an inventory and schedule of the property of said Sylvester B. Jerauld, owned by him at the time the note in suit was assigned, and made the same a part of said reply, marked "Exhibit A."

The reply then shows the selection of a competent appraiser of the neighborhood of said Sylvester B. Jerauld to appraise said property, and asks that defendant be required

to select another like competent appraiser, and on his failure to make said selection that the court select such appraiser to make said appraisement, and that the note in suit be set off to plaintiff herein as a part of the six hundred dollars to which the said Sylvester B. Jerauld was entitled under the laws and Constitution of Indiana, and that said judgment and no part thereof be allowed as a set-off against the note sued upon, and that said judgment be held void and of no effect whatever against the note in suit.

The appellants filed a demurrer to the reply, which was overruled and excepted to.

The case was submitted to the court for trial and both parties requested the court to make a special finding of facts and state his conclusions of law thereon. Upon the special finding of facts and the conclusions of law thereon, the court found for the appellee, Martha R. Jerauld, and upon the facts so found the court found the following conclusions of law: That the note sued on was not liable to be sold on execution of the judgment assigned to the appellant Pickrell, and the proceeds thereof could not have been reached by proceedings supplementary to execution; that the judgment can not be set off against the note in suit in appellee Martha R. Jerauld's hands, and that the appellee, Martha R. Jerauld, was entitled to judgment against the appellants for the amount of the note, interest, costs, etc.

The appellants filed a motion for a new trial, which was overruled and excepted to, and judgment was rendered in favor of appellee Martha R. Jerauld on the special finding of facts and conclusions of law.

It is not deemed necessary to set out in this opinion, in detail, the special findings; they are lengthy, but cover all the questions in the case and find the view of the case in favor of the appellee as presented by the pleadings. The evidence is in the record.

The appellant limits his argument for a reversal of this

cause to the following questions, all of which are properly before this court:

That the court erred in overruling the demurrer to the second paragraph of the reply.

That the court erred in not carrying the demurrer to the second paragraph of the reply back to the complaint, and in not sustaining it to the complaint.

That the court erred in overruling the motion to strike out the petition of Sylvester B. Jerauld.

That the court erred in admitting Sylvester B. Jerauld as a party plaintiff.

If there was no error in admitting Sylvester B. Jerauld as a party plaintiff on his own petition, and in overruling the demurrer to the second paragraph of the reply, then this fact disposes of these several questions. That these questions may be clearly presented and understood we have set out in the statement of the case, substantially, the petition and reply. The inquiry becomes pertinent to know whether the petition of Sylvester B. Jerauld shows that he had such an interest in the case as to permit him to be made a party plaintiff, and the facts stated in the second paragraph of the reply were sufficient to defeat the set-off to the complaint contained in the fourth paragraph of appellants' answer; to be more accurate and concise, could Sylvester B. Jerauld, by being made a party to this action, defeat the judgment pleaded as a set-off in the fourth paragraph, on the ground that he being a resident householder and not the owner of $600 worth of property, including the note, at the time it was assigned, was entitled to and could claim the benefits of the exemption law? Section 272, R. S. 1881, provides that " The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had, without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the

recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes an application to the court to be made a party, it may order him to be made a party by the proper amendment."

It is true that Sylvester B. Jerauld had parted with his interest in the note sued on by assignment to his co-plaintiff; he did not own or claim to own it. Still he had a right and interest with her in joining with her in the suit to have the note exempted from the judgment, which he could have had done from an execution on the judgment had he not assigned it. The said Sylvester B. Jerauld having been admitted as a party plaintiff, the next inquiry is, was the second paragraph of the reply of the appellees, which was joint, to the fourth paragraph of the appellants' answer, sufficient? It does not appear that an execution had been at any time issued on the judgment sought to be set off against the note sued on so as to give the debtor an opportunity to claim the benefit of the exemption laws, but that a few days before the assignment of the note the appellants procured an assignment of the judgment.

It will not be doubted that the appellee Sylvester B. Jerauld, under the facts, had a clear right to an exemption of $600 worth of property on the judgment, and had he retained ownership of the note, as without it his property did not exceed $600 in value, that he could have included the note in his property exempt, and thereby made his title to the note clear and unincumbered from the judgment or from proceedings supplementary to execution. This being true, can it be claimed that by the assignment of the note the right to exemption was defeated? Such was not certainly the purpose and intent of the exemption law; to permit this to be done would be to take from the debtor property which the Constitution and statute declare shall be held by him for the benefit of his family. It has frequently been held by the Supreme Court that the provisions of the stat-

ute for exemption of property must be liberally construed in favor of the debtor.

To give effect to the evident purpose of the law, to provide against a debtor's family being stripped of a reasonable measure of support, the courts have, with little diversity of opinion, held that one judgment can not be set off against another, where the debtor makes due and lawful claim to exempt his interest in the judgment held by          ᵀt is also held that a set-off of one judgment against another will not be allowed, unless it is equitable to allow it; that the great purpose of the law is to protect the debtor's family, and to effect this purpose the law must be liberally construed. *Junker* v. *Hustes*, 113 Ind. 524. It is also held in the case of *Barnard* v. *Brown*, 112 Ind. 53, that where one who has the right to the benefit of the exemption law, owns property real and personal, the aggregate value of which is less than $ᶜ and sells the real estate, there being at the time judgments against him, which are liens on such real estate, he and his grantee may maintain a joint action to have the latter's title to such real estate quieted and freed from apparent lien and incumbrance from such judgments, and the property owned at the time of such conveyance set off to him as exempt from such execution. We are unable to see any difference in principle to be distinguished between this case and those cited. The fact that the note was assigned, that execution had not issued on the judgment, and an actual claim for exemption was not made until after this suit commenced, and then made in the form it was, could not divest the right to exemption, and presents as strong reasons why the principle should be applied in this case as in any of the many cases that have been determined by the Supreme Court. The conclusion thus arrived at is but carrying out the intent and purpose of the exemption law. There was no error committed in overruling the demurrer to the second paragraph of the reply. Having arrived at these conclusions, the al-

leged error of the court in overruling the second paragraph of the reply ; in not carrying the demurrer to the second paragraph of the reply back to the complaint, and in not sustaining it to the complaint; in overruling the motion to strike out the petition of Sylvester B. Jerauld, and in admitting Sylvester B. Jerauld a party plaintiff in this action are disposed of.

The vi.        ·save expressed upon the ruling of the court upon the second paragraph of the reply to the fourth paragraph of the answer sustain the conclusion of law of the trial court upon the special finding of facts.

The evidence is in the record and does not only tend to sustain the court in its finding, but the evidence does sustain its finding, and, therefore, the cause assigned in the motion for a new trial, that the decision of the court was . 'astained by sufficient evidence, is not well taken.

'The remaining alleged errors discussed by the appellants are errors of the trial court in excluding the testimony of Martin V. Witherspoon, offered by the appellants, and in refusing to permit the witness Witherspoon to answer certain questions asked by the appellants.

Martin V. Witherspoon, a witness introduced on behalf of the appellants, was asked as follows :

" State the facts out of which your claim against Sylvester B. Jerauld arose," to which question the appellees objected, and the objection was sustained; whereupon the appellant stated that he expected to prove by said witness, in answer to said question, that during the years 1882 and 1883, said firm of Witherspoon, Barr & Co., while engaged at Princeton, Indiana, in the general grain and milling business, and for the purpose of carrying on the same, employed the plaintiff, Sylvester B. Jerauld, to act for them as their agent at the town of Patoka, Indiana, in handling and selling for them of the products of their mill, and said Sylvester B. Jerauld acted as such agent

during the years aforesaid, and while so engaged said Sylvester B. Jerauld received into his hands for sale, as such agent, large quantities of flour, meal, bran, screenings and other merchandise from said firm, and undertook and agreed to sell the same for them as their agent, and fully to account for and pay over to said firm the proceeds of said sales, and that said Sylvester B. Jerauld, while acting as such agent, sold said flour, meal, bran, screenings and other merchandise and kept and converted to his own use a large part of the proceeds, in the sum of $268.73, and wholly failed and refused to account for and pay over the same to said firm or to any other person, although said firm had often, prior to the bringing of this suit by them against said Jerauld, demanded of him such accounting and payment; that these are the facts and circumstances upon which the suit of said firm against said Sylvester B. Jerauld, which terminated in the judgment before mentioned, was founded and out of which it arose, although in form the suit was an ordinary open account for flour, meal, bran, screenings and other merchandise.

The court sustained said objection and refused to permit said witness to answer said question.

The appellants then propounded to said witness the following question, to wit:

" Tell the court what business transaction, if any, the firm of Witherspoon, Barr & Company had with the plaintiff, Sylvester B. Jerauld prior to the time of the taking of said judgment against him," to which question the appellees objected, which objection was sustained; whereupon appellants stated to the court that they expected to prove by said witness, in answer to said question, that said firm had never had any business transactions with said Sylvester B. Jerauld, except the one just detailed to the court by the defendant, and above set out in this his bill of exceptions. The court sustained said objection, and declined to permit said witness to answer said question.

And thereupon said appellants propounded to said witness the following question, to wit:

" What were the facts out of which the liability of Sylvester B. Jerauld to the firm of Witherspoon, Barr & Company, upon which the judgment you have mentioned was rendered arose ? Detail them to the court," to which question the appellees objected, and the objection was sustained ; whereupon the appellant stated to the court that they expected to prove by said witness, in answer to said question, that the liability of said Sylvester B. Jerauld to said firm arose out of and on account of the facts and circumstances offered to be proved by the defendants by the witness' answer to the question immediately preceding this one ; which said facts the court declared himself the facts fully to know and remember, and the same are set forth as above.

It is conceded that the pleadings in the case of Witherspoon, Barr & Co., resulting in a judgment against said Sylvester B. Jerauld, which was assigned to the appellant, Pickrell, and sought to be set off in this action, showed that the action was upon an account, and that there was nothing contained in the pleading, or on the face of the record to the contrary, and that, in fact, it was founded upon contract. It is not claimed that there was uncertainty or ambiguity in the record, as it will be observed that the object and purpose of this evidence were to go behind the record, and show by parol testimony that the action was, in fact, in tort, and not on contract.   We think the court ruled correctly in refusing to permit the appellant to introduce, on the trial, the evidence of the witness Witherspoon.   *Smith* v. *Wood,* 83 Ind. 522 ; *Gentry* v. *Purcell,* 84 Ind. 83.

We find no error in the record for which this case should be reversed.   It is, therefore, in all things affirmed, with costs.

Filed April 1, 1891.