Levi *et al. v.* Drudge *et al.*

Filed Nov. 27, 1894.

No. 17,065.

## LEVI ET AL. *v.* DRUDGE ET AL.

SUPREME COURT PRACTICE.—*Reversal of Judgment.—Prejudicial Error.
—Harmless Error.—Striking Out Paragraphs of Answer.*—To authorize a reversal of the judgment it is necessary not only that the appellant should show that the court erred, but he must show that the error was of such a character that it probably injured him. The error, if any, in striking out a paragraph of answer is harmless

where the special finding shows that the facts averred therein did not exist; and the same is true of a paragraph stricken out, where the material averments thereof are contained in another paragraph upon which issue is joined.

From the Fulton Circuit Court.

*E. Myers, G. W. Holman, R. C. Stephenson, M. L. Essick, O. F. Montgomery* and *J. H. Bibler*, for appellants.

*J. Rowley, M. A. Baker, I. Conner* and *W. W. McMahn*, for appellees.

COFFEY, C. J.—This was an action by the appellee, Jeremiah Drudge, in the Fulton Circuit Court, against the appellants, Theresa Levi, Joseph Levi and James Sanns, to recover the amount alleged to be due on two several promissory notes executed by them to Wilhelm Blohm, and to foreclose a mortgage on certain described real estate in Fulton county to secure the same.

The appellants filed an answer in five paragraphs, and also a cross-complaint against the appellees, Jeremiah Drudge and Julius Rawley.

The court, on motion, struck out the third and fifth paragraphs of the answer, and the appellants excepted. Upon issues found on the remaining answers and the cross-complaint, the cause was tried by a jury, resulting in a special verdict, upon which the court rendered judgment in favor of the appellee Drudge.

The material facts in the case, as they appear by the special verdict, are that on the 2d day of July, 1888, the appellants, Theresa Levi, Joseph Levi and James Sanns purchased of Wilhelm Blohm the land described in the complaint, and executed the notes and mortgage in suit to secure part of the purchase-price.

At the time Sanns executed the notes and mortgage, he was under twenty-one years of age. Before either of the notes became due, Blohm died intestate, and one

Davis was appointed administrator of his estate. By order of the proper court, the administrator sold and assigned the notes and mortgage to the appellee Drudge. Julius Rawley subsequently purchased the land described in the complaint, and, as a part of the purchase-price, verbally assumed and agreed to pay the notes and mortgage in suit, and by his direction the appellants, Theresa Levi, Joseph Levi and James Sanns conveyed the land to Willis McHenry. McHenry subsequently conveyed the land to Cora R. Bouck, but neither of these parties paid any consideration for such conveyances, the same having been made at the request of Rawley.

It is claimed by the appellants that the circut court erred:

*First.* In striking out the third and fifth paragraphs of their answer.

*Second.* That the court erred in overruling the motion of appellants for judgment in their favor on the special verdict.

*Third.* That the circuit court erred in overruling the motion of the appellants to modify the judgment.

As to the first error alleged, it may be remarked that it appears by the special verdict of the jury that the facts averred in the third paragraph of the answer did not, in fact, exist.

The appellants were not, therefore, injured by the ruling of the court in striking out that paragraph of their answer. To authorize a reversal of the judgment, it is necessary not only that the appellants should show that the court erred, but they must go one step further and show that the error was of such a character as that it probably injured them. Here it affirmatively appears that they were not injured by the ruling of which they complain.

All the material averments found in the fifth para-

Levi *et al. v.* Drudge *et al.*

graph of the answer were contained in the fourth paragraph, upon which issue was joined. The appellants were not, therefore, injured by striking out the fifth paragraph.

The appellants were not entitled to judgment in their favor on the special verdict of the jury, but, on the contrary, it fully justified, we think, the action of the court in rendering judgment in favor of the appellees.

After the rendition of the judgment in this case, the appellants Theresa Levi and Joseph Levi filed a motion praying the court to so modify the judgment as to render a personal judgment against Julius Rawley, as principal, and against them as sureties for the amount found due the appellee Drudge.

The court did not err in overruling this motion, for several reasons, chief among which was, that there was no issue in the case authorizing such a judgment. But if there had been such an issue, it may well be doubted as to whether the appellee Drudge could be delayed in the collection of his debt because his debtors could not agree as to which one was primarily liable.

There was no personal judgment rendered against Sanns, by reason of the fact that he was a minor at the time the notes in suit were executed.

There is no error in the record for which the judgment should be reversed, and the same is, for that reason, affirmed.

Filed Nov. 26, 1894