### KIRSHBAUM v. HANOVER FIRE INSURANCE COMPANY ET AL.

[No. 2,067. Filed January 26, 1897.]

PARTIES.—*When Party in Interest May be Admitted as Defendant.* —*Action on Insurance Policy.* — *Statute Construed.*— A stockholder in a corporation is, under section 274, Burns' R. S. 1894 (273, R. S. 1881), entitled to be admitted as a party defendant in an action by the mortgagee of the corporation on an insurance policy on the

corporate property, where the policy was by mistake of the insurance company's agent and without the knowledge and consent of such stockholder made payable to the mortgagee instead of such stockholder who paid for the insurance.

PRACTICE— *Argumentative Denial.— Action on Insurance Policy.*— A paragraph of answer, in an action on an insurance policy, which denies that the policy in suit was issued to plaintiff, amounts to an argumentative denial and is properly overruled as defendant may introduce under the general denial any proof that will meet what plaintiff is bound to prove in order to recover.

APPEAL AND ERROR.—*Special Finding.*—A finding of fact by the court which is supported by evidence will not be disturbed on appeal.

SAME.—*Special Finding.*—When a finding of fact made by the court is within the issues presented by the pleadings, and is supported by the evidence it cannot be contrary to law.

PRACTICE.—*Impeachment.*—A question asked for the purpose of impeachment in reference to a conversation with a certain person at a given place which fixes the time of the conversation as "about one year ago" is proper where the exact time cannot be fixed.

From the Jay Circuit Court. *Affirmed.*

*Cornelius Corwin, John M. Smith* and *Headington & LaFollette,* for appellant.

*R. H. Hartford,* for appellees.

ROBINSON, J.—This action was brought by the appellant against the Hanover Fire Insurance Company to recover for a loss by fire to certain buildings and machinery of the Portland Milling Company. Jacob R. Jones and the appellee, Hanlin, were made parties defendant. The cause was put at issue and was tried by the court. At the request of the appellant, the plaintiff below, the court made a special finding of the facts, and thereon stated its conclusions of law. To the conclusion of law, the appellant excepted. Over appellant's motion for a new trial, and exception, judgment was rendered in favor of appellee, Hanlin, for $821.34.

The facts found by the court were substantially as follows: On the 21st day of October, 1886, the Port-

land Milling Company, a corporation, executed to the appellant a mortgage upon a certain lot in Portland, Jay county, on which was situated the buildings of the milling company, to secure an indebtedness of five thousand dollars then owing by the company to the appellant. This mortgage was foreclosed by the appellant on the 27th day of February, 1894, and on the 24th day of March, 1894, the property described in the mortgage was sold by the sheriff; and for the purpose of collecting his mortgage debt the appellant purchased the property for the sum of $5,960.68, the same being the amount of his judgment, interest and costs; and on the 28th day of March, 1894, the appellant was the holder of the sheriff's certificate of purchase therefor. In the foreclosure suit, Jacob R. Jones was appointed receiver for the milling company, and was receiver on the 28th day of March, 1894. Leave was granted to make the receiver a party defendant to this action to answer as to any interest the milling company might have in the policy of insurance sued on. On the 28th day of March, 1894, the building and machinery on which the appellant's mortgage was executed were destroyed by fire. The purchase of the property under the foreclosure proceedings was in full satisfaction of the appellant's judgment, and the execution and decree were returned by the sheriff fully satisfied. On the 27th day of February, 1894, the People's Bank recovered a judgment against the Portland Milling Company, as principal, and the appellee, Hanlin, Ira Denney, and Patterson M. Hearn for $2,725.52, which judgment was paid in full on that day by appellee, Hanlin. On the same day, the Citizens' Bank of Portland, Indiana, recovered a judgment against the milling company, as principal, and the appellee, Hanlin, Ira Denney, and Abraham Bergman, as sureties, for the sum of $487.31; and on the

same day the Citizens' Bank recovered another judgment against the milling company, as principal, and appellee, Hanlin, and Ira Denney, as sureties for the sum of $931.42; and that the appellee, Hanlin, had paid $900.00 on the judgment in favor of said Citizens' Bank. At the time the property was destroyed by fire, and for a long time prior thereto, the appellee, Hanlin, owned about $6,000.00 of the capital stock of the milling company. On or about the 27th day of March, 1894, the appellee, Hanlin, applied to the agent, at Portland, of the Hanover Fire Insurance Company, for insurance on the milling company's property, for $3,000.00, for the benefit of himself and the said Denney, Hearn and Bergman, from loss as surety for the milling company; that the agent agreed to write such insurance for a premium of $142.50, which appellee, Hanlin, was to pay to said agent. The appellee, Hanlin, not knowing how the insurance should be written to protect him and his co-sureties, but the agent, having had long experience as such agent, agreed to write the insurance as appellee, Hanlin, had requested; that said Hanlin left the $142.50, to pay the premium on said insurance when the policies were ready, with receiver Jones, who was to call on the agent and pay the premium and procure the policies for appellee, Hanlin. The agent wrote two policies, for fifteen hundred dollars each, one for the Farmers' Fire Insurance Company, and the other for the Hanover Fire Insurance Company, the last named being the policy in suit; each were issued and dated March 27th, 1894. After the policies were written, but before they had been delivered to receiver Jones, and before the premium had been paid, to-wit: on the 28th day of March, 1894, the property so insured was destroyed by fire. The milling company was at that time, and has since

been wholly insolvent. On the 30th day of March, 1894, receiver Jones, as appellee, Hanlin's agent, tendered to the insurance agent the premium money, and demanded the policies, which were refused; and said Jones, at the instance of the insurance agent, deposited the premium money in bank and the policies were retained by the agent until the day of trial. The court further found that the agent, in writing the policies, disregarding the agreement to write them to protect appellee, Hanlin, and his co-sureties, wrongfully and fraudulently, and without the consent or knowledge of Hanlin and said sureties, inserted in each of said policies that the loss, if any should occur by fire, should be paid to the appellant, mortgagee, as his interest might appear. That neither Hanlin nor his co-sureties had any knowledge that the policies were so written until after the property burned. No part of the sum of money paid by appellee, Hanlin, on the People's Bank judgment, and the $900.00 on the two judgments in favor of the Citizens' Bank has ever been repaid to him. The insurance evidenced by the policy in suit was procured by the appellee, Hanlin. Neither the appellant nor the receiver for the milling company paid or agreed to pay any part of said premium. At the time the policy in suit was written, the appellant held policies on the property to the amount of $6,750.00.

The Hanover Fire Insurance Company, by agreement made in open court with the appellant and appellee, Hanlin, and receiver Jones, paid into court the sum of $821.34, and ten dollars for costs, and was discharged from further liability on account of the policy sued on. Neither the appellee, Hanlin, nor the receiver, ever saw the policy in suit until the day of the trial

On the facts found, the court stated, as conclusion of law:

"1st. That the plaintiff, Raphael Kirshbaum, take nothing by his complaint.

"2d. That the cross-complainant, Jacob R. Jones, receiver of the Portland Milling Company, take nothing by his cross-complaint.

"3d. That the cross-complainant, John T. Hanlin, should have and recover of and from the defendant, the Hanover Fire Insurance Company, the sum of $821.34.

"4th. That the cross-complainant, John T. Hanlin, should have and recover of and from the defendants to his cross-complaint, to-wit: Raphael Kirshbaum and Jacob R. Jones, receiver, his costs by him in this suit paid, laid out and expended, except such costs herein as have been paid by the defendant, the Hanover Fire Insurance Company."

The first error assigned calls in question the ruling of the court in admitting John T. Hanlin as party defendant on his own application. In his application, he shows that he is a stockholder in the milling company on whose property the policy in the suit was issued; that the policy should have been made payable to him, and not to the appellant, but by mistake of the insurance company's agent, and without his knowledge or consent, the policy was made payable to the appellant, of which fact he was ignorant until after the insured property was destroyed by fire; and that he paid for the insurance for which suit is brought by the appellant. We think this shows that he has such an interest in the subject-matter as entitles him to be made a party defendant, under section 274, Burns' R. S. 1894 (273, R. S., 1881). *Pickrell* v. *Jerauld*, 1 Ind. App. 10.

The demurrer to the second paragraph of appel-

lee, Hanlin's answer admits that the facts therein set out are true; and, if so, they would defeat the plaintiff's right to recover. Under the general denial, a defendant may introduce any proof that will meet what the plaintiff is bound to prove in order to recover. This paragraph of answer amounts to an argumentative denial. It denies that the policy of insurance sued on was issued to the appellant, and there was, therefore, no material error in overruling the demurrer. Leary v. Moran, 106 Ind. 560, Sohn v. Jervis, 101 Ind. 578; Clauser v. Jones, 100 Ind. 123.

As we view the special finding, it must be considered as based ' exclusively upon the second paragraph of the cross-complaint of Hanlin. This being true there could be no reversible error in overruling the demurrer to .the first paragraph to appellee, Hanlin's cross-complaint. If there was error in such ruling it was harmless. Chicago, etc., R. R. Co. v. Fenn, 3 Ind. App. 250; Taylor v. Wootan, 1 Ind. App. 188; Hill v. Pollard, 132 Ind. 588.

The demurrer to the second paragraph of the cross-complaint was for want of facts; and, "2. That there is a defect of parties plaintiff in this, that Ira Denney, John R. Perry, Patterson M. Hearn, and A. Bergman should be made parties defendant."

In any view of the pleader's meaning, the presence of the parties named was not necessary to a complete determination of the issues between the appellant and the appellee, Hanlin. They had paid nothing by reason of their suretyship, but all that had been paid was paid by the appellee, Hanlin, and the amount paid by him was in excess of the whole insurance. Nor did they pay or agree to pay the premium, or any part of it. Under an agreement to which the appellant was a party, the insurance company had paid into court the amount for which it was agreed it was lia-

ble under the policy, and was discharged from further liability on the policy; and the cross-complaint, asking no judgment against the appellant, asks that the amount paid to the clerk be paid to the appellee in full discharge of the liability of the insurance company by reason of the insurance. The case of *Gilbert* v. *Allen*, 57 Ind. 524, is not in point. That case was a suit on a judgment that had been recovered by a firm composed of several persons, against Allen and another person named, and one only of the judgment creditors and judgment defendants, respectively, were made parties, and no reason shown for the omission.

As the insurance company's liability on the policy had been determined by an agreement in court, there could be no necessity for a reformation of the policy. The appellant admits, in his brief, that the facts found are almost identical with the averments of the second paragraph of appellee, Hanlin's cross-complaint. The facts found are substantially the facts alleged in that paragraph of the cross-complaint, and by his exceptions to the conclusions of law the appellant admitted, for the purpose of the exception, that the facts were fully and correctly found by the court. *McCrory* v. *Little, Gdn.*, 136 Ind. 86; *Blair* v. *Blair*, 131 Ind. 194; *Warren* v. *Sohn*, 112 Ind. 213.

From the facts found, the conclusions of law, stated by the court, necessarily follow, that the appellant take nothing by his complaint, and that the appellee, Hanlin, was entitled to recover from the defendant insurance company the sum of $821.34, and from the defendants to his cross-complaint, Kirshbaum and Jones, receiver, his costs, except such costs as had been paid by the insurance company.

A new trial is asked because the finding is not sustained by the evidence, and that it is contrary to law. We have carefully examined the record and it cer-

tainly contains evidence to support the finding, and according to the familiar rule, that is sufficient. We are not informed why the finding should be held contrary to law. When a finding is within the issues presented by the pleadings, and is supported by the evidence, it cannot be contrary to law. *Ashmead* v. *Reynolds*, 134 Ind. 139.

It is also urged that the court erred in permitting certain impeaching questions to be asked a witness for the appellant, and in admitting the impeaching evidence itself, for the reason that the time fixed was too indefinite. In fixing the time of a conversation the words "about one year ago" were used, and objection is made to this part of the question only.

In laying the foundation for the impeachment of a witness, the time and place of the conversation, and the person with whom it was held, should be specified with sufficient definiteness to enable the witness clearly to identify it. The name of the person and the particular building in which the conversation in question took place are given. In the case of *Bennett* v. *O'Byrne*, 23 Ind. 604, it is said: "The rule upon this subject is a practical one, and is founded upon clear principles of common sense. The exact time of a conversation it is often impossible to fix, and to require it would be simply to cut off all opportunity of impeachment in such cases. The object to be attained is to call the witness' attention to a particular conversation, so that he may not be taken by surprise. * * * Usually, dates are the least efficient of all means which can be used to refresh one's memory of events, and sometimes they afford no aid whatever." Under the circumstances of this case, we think the foundation for the inpeaching evidence was sufficient.

The only remaining error complained of by appellant, in his brief, is in refusing to allow the plaintiff to

prove by the witness, Corwin, that Hanlin had signed the proof of loss after the fire, and made no objection to the policy. We are not informed how an objection to the policy by Hanlin at that time could be material, and the same witness, Corwin, did afterwards testify that Hanlin signed the proof of loss.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

BLACK, J., absent.