(27 App. Div. 90.)

ANDREWS v. SCHOFIELD et al.

(Supreme Court, Appellate Division, First Department. March 11, 1898.)

1. ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.
    On a motion by a defendant to vacate an attachment, it appeared that the warrant had been granted upon the affidavit of a person in New York, which was based upon information derived over the telephone from a person in Philadelphia, whose voice he recognized, but whose information in turn was hearsay, and even as such did not show that anybody who had knowledge of a fact tending to show a cause of action had made the statement of such a fact. *Held* that, under Code Civ. Proc. § 636, the affidavit was insufficient.

2. SAME—MOTION TO VACATE.
    Gen. Rules Prac. 37, requiring a notice of motion to vacate an attachment to specify the irregularity complained of, has no application where the mo-

tion is based, not on irregularity, but on the ground that there was no evidence to justify the court in granting the attachment.

**3. SAME—TIME OF MOTION.**

Under Code Civ. Proc. § 682, if it is the defendant who moves to vacate an attachment, he may do so before, as well as after, the warrant has been executed by a levy.

**4. SAME—DELAY.**

As the statute expressly gives to a defendant the right to move to vacate an attachment at any time before the attached property is applied to the payment of the judgment, the mere lapse of time, within those limits, before moving, is no objection to the granting of the motion.

Appeal from special term, New York county.

Action by Arthur W. Andrews against Sevill Schofield and others, doing business under the name of Sevill Schofield & Sons. From an order vacating a judgment, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

Henry S. Wardner, for appellant.

Benjamin N. Cardozo, for respondents.

INGRAHAM, J. The plaintiff, as assignee of one Francis P. Sibley, who was a resident of Philadelphia, in the state of Pennsylvania, applied for a warrant of attachment against the property of the defendants, who were nonresidents, also residing in Philadelphia, upon the affidavit of Arthur W. Andrews, plaintiff, who alleged, upon information and belief based upon an affidavit of one Wilson Wallace Thompson, that a cause of action existed, and that the defendants were nonresidents. By the affidavit of Mr. Thompson it appears that he was managing clerk in the office of the plaintiff's attorney; that on the day the application was made deponent had received a communication over the telephone from Philadelphia, from one John Sparhawk, informing the deponent that Mr. Sibley, of Philadelphia, had assigned to the plaintiff his claim against the defendants; that said Sparhawk also informed deponent that the defendants were all residents of Philadelphia, and that the defendants became indebted to Sibley in the sum of $985, which the defendants had promised to pay, and that that amount was then due, payment of which had been demanded, but was refused; that Sparhawk also informed the deponent that Sibley had assigned that claim to the plaintiff, and that Sparhawk's knowledge, upon which he based his information, was that said Sibley had informed him there were no counterclaim, set-offs, or discounts to his claim against the defendant; and that Sparhawk had further informed the deponent that the amount of this claim had been admitted by the defendant to him as being true and correct. This was the only allegation of fact tending to show that a cause of action existed in favor of the plaintiff against the defendants.

It is quite clear that this affidavit was insufficient to justify the court in granting the attachment. By section 636 of the Code of Civil Procedure it is provided that, to entitle the plaintiff to such a warrant, he must show by affidavit, to the satisfaction of the judge granting the same, that one of the causes of action specified in sec-

tion 635 exists against the defendant. There is nothing here but the statement of a person in New York who received over the telephone a communication which purported to come from Philadelphia, and which the receiver recognized as from a Mr. Sparhawk, who was counsel for a Mr. Sibley in Pennsylvania, and that that communication contained the information that Mr. Sibley had sold goods to the defendants in Philadelphia, and that the defendants were indebted to him in the amount stated. This is entirely insufficient as evidence of any fact. It is simply the statement over the telephone of a person in Philadelphia, who says that somebody else told him of the existence of the fact tending to prove a cause of action. The evidence is not only hearsay, but there is no evidence to show that any one who had knowledge of a fact tending to show a cause of action had made the statement of such a fact. It does not seem that information derived in such a manner can be said to be any evidence tending to prove that a cause of action exists. The motion is made in this case by the defendants, not by one who has acquired a lien subject to that of the attachment, and the question is whether, assuming that the court had jurisdiction, it should have granted an attachment upon such evidence, and we do not think it was sufficient. The appellant, however, insists that, as the notice of motion specified no irregularity, the motion should have been denied under rule 37 of the general rules of practice. The motion, however, was not made on the ground that the attachment was irregular, but that there was no evidence to justify the court in granting it. The application, therefore, was based upon the merits, and not upon an irregularity.

We think that the motion could be made, notwithstanding that it did not appear that any property had been attached by the sheriff under the warrant of attachment. By section 682 of the Code it is provided that the defendant, or a person who has acquired a lien upon or interest in his property after it was attached, may, at any time before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action, apply to vacate or modify the warrant of attachment. This section does not limit the right of a defendant to move to a case in which the warrant has been executed by a levy. The section gives him the right to apply to vacate the attachment at any time before the property levied upon under the attachment is applied to the payment of a judgment recovered in the action. To entitle a person who has acquired an interest in the defendant's property to make the motion, it must appear that the property in which he has such an interest has been levied on under the attachment; but this provision has no application to a motion made by the defendant. Where the defendant moves, he may do so at any time before, as well as after, the warrant has been executed by a levy. To justify an application of a person other than the defendant, he must show that property has been levied upon under the attachment, and that he has acquired an interest in or title to such property.

Nor were the defendants barred by laches from making this motion. The statute expressly gives them the right to move at any time before the attached property is applied to the payment of the judgment

entered in the action in which the attachment is granted, and the mere lapse of time is no objection to the granting of the motion. Nothing appears to show that any act of the defendants has misled the plaintiff, or induced him not to take such further proceedings as would be necessary to protect him. To hold that a mere delay in making the motion would be such laches as to defeat his right to vacate the attachment would be to disregard the provisions of the Code, which expressly allow the motion to be made at any time before the disposition of the attached property.

We think the attachment was, upon the affidavit presented, improvidently granted, and that the order vacating it was right, and it is affirmed, with costs. All concur.

