## TRENT v. EDMONDS.

[No. 4,480.    Filed February 18, 1904.]

APPEAL AND ERROR.—*Reversal of Judgment.—Interest of Party.* — A party seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced by the errors of which he complains. *pp. 434, 435.*

FRAUDULENT CONVEYANCES.—*Attachment.—Death of Defendant.—Substitution of Administrator.—Appeal and Error.*—Where in a suit in attachment and to set aside a conveyance as fraudulent the de-

fendant died and his administrator, by order of court, was substituted, the grantee as codefendant can not, on appeal, take advantage of the fact that the complaint does not state a cause of action against the administrator.  *p. 435.*

Fraudulent Conveyances.—*Complaint.—Allegation of Ownership.*— An allegation in a complaint to set aside a conveyance as fraudulent that grantor "was the owner in fee simple of the unencumbered title" is a sufficient allegation of ownership.  *p. 435.*

Attachment.—*Debt Not Due.*—Under §925 Burns 1901 an attaching plaintiff may prosecute his action whether the debt be due or not.  *p. 435.*

Same.—*Fraud.*—Where a father conveyed certain real estate to his son, without consideration, to avoid creditors, and the son, with full knowledge of his father, contracted a debt upon representations that he was the owner of the real estate thus conveyed to him, the land is liable for the debt.  *pp. 436, 437.*

Trial.—*Death of Party.—Substitution of Administrator.*—Where, pending an action, one of the defendants dies, the court may, upon petition, substitute for such defendant his administrator.  *p. 438.*

Attachment.—*Motion to Dismiss After Judgment.*—A motion to dismiss attachment proceedings, as against an alleged fraudulent grantee, which was not made until after final judgment, is too late.  *pp. 438, 439.*

Same.—*Fraudulent Conveyance.—Joint Action.*—An action in attachment and to set aside a fraudulent conveyance may be jointly prosecuted.  *pp. 439, 440.*

Appeal and Error.—*Harmless Error.*—Under the express provisions of §§401, 670 Burns 1901, error which is not prejudicial to the complaining party is not sufficient to reverse a judgment; and where the merits of a cause have been fairly tried and determined, and substantial justice has been done between the parties, a judgment should not be reversed.  *p. 441.*

From Owen Circuit Court; *M. H. Parks*, Judge.

Suit by Andrew J. Edmonds against Edward B. and Josiah Trent. From a judgment for plaintiff, Josiah Trent appeals.  *Affirmed.*

*I. H. Fowler, J. M. Spangler* and *J. W. Williams*, for appellant.

*H. J. Hochstetter* and *Willis Hickam*, for appellee.

Wiley, P. J.—Action by appellee against Edward B. Trent upon two promissory notes. Upon the filing of an

affidavit and bond, a writ of attachment was issued. In his amended complaint, appellee alleged that since the execution of the notes sued on, the payor had fraudulently and without consideration conveyed certain real estate to appellant Josiah Trent, who was made a party defendant, for the purpose of defrauding his creditors. During the trial, Edward B. Trent died, and appellee filed a petition asking that an administrator for his estate be appointed, and such administrator substituted for him, and thereupon the petition was granted. John Foster was appointed administrator, gave bond, qualified, and was "substituted as party defendant in lieu of Edward B. Trent, deceased." There was a finding and judgment for appellee. Appellant Josiah Trent alone moved for a new trial, which motion was overruled. John V. Foster, administrator, is made a party appellant, but has filed a paper in this court in which he declines to join in appeal, and avers that the use of his name in the assignment of errors is without his knowledge or consent, and that he is content with the judgment as rendered.

Josiah Trent is therefore the sole appellant. He has assigned thirty-one errors. The seventh, eighth, ninth, thirteenth, fourteenth, fifteenth, and sixteenth specifications thereof are not proper assignments of error, and do not present any question for decision. The first four go to the sufficiency of the complaint, and may be considered together.

Appellant's first objection to the amended complaint is that it does not allege any cause of action against John V. Foster, administrator of the estate of Edward B. Trent. It did allege a cause of action against Edward B. Trent. His administrator has not attacked its sufficiency here by an assignment of error.

A party seeking the reversal of a judgment has the burden of showing that his substantial rights were prejudiced

by the errors of which he complains. Ewbank's Manual, §254; *Poundstone* v. *Baldwin,* 145 Ind. 139; *Keller* v. *Reynolds,* 12 Ind. App. 383; *Levi* v. *Drudge,* 139 Ind. 458. If it be conceded that the complaint does not state a cause of action against Foster, it does not follow that appellant can take advantage of that fact. In this connection, it is fair to say that the special objection urged to the complaint is that after Foster was substituted as the administrator of Edward B. Trent no amended or substituted complaint was filed in which he was named as a defendant. This objection is highly technical, and, in view of the facts that he was substituted upon petition and order of the court and filed an answer, and is not now objecting to the sufficiency of the complaint as against him, the appellant can not object for him. The complaint does state a good cause of action against appellant, for the only allegation made against him is that he became the fraudulent grantee of Edward B. Trent, and took the conveyance from him of the real estate in controversy with a full knowledge of the fraudulent intent, and that it was without consideration.

It is also urged that there is no averment in the complaint that Edward B. Trent was ever the owner of the real estate alleged to be fraudulently conveyed. The allegation is that he "was the owner in fee simple of the unencumbered title," etc. This was a sufficient allegation of ownership, but, if it were not, appellant could not take advantage of it, as shown above.

The remaining objection is that it affirmatively appears that the notes sued on were not due. Appellant was not a party to that issue. This was an action in attachment, and to set aside a conveyance of real estate as fraudulent. Under §925 Burns 1901 an attaching plaintiff may prosecute his action whether his debt is due or not, and such statute settles the question adversely to appellant.

In making up the issues, appellant filed an affirmative answer, to which appellee replied. Appellant's demurrer to the reply was overruled, and such ruling is assigned as error. The sum and substance of the answer is that appellant, who was the father of Edward B. Trent, deeded the real estate to his son, without consideration, for the purpose of avoiding liability to one Harrington in a suit for slander, and placed the deed on record for the purpose of giving out the information and creating the impression that the land belonged to Edward B. Trent, and not to himself, for the purpose of defeating Harrington's suit. The reply alleges that the land was originally conveyed by Josiah Trent to his son Edward B. Trent, who resided thereon with his father, to defraud his creditors, and the deed placed upon record by him for that purpose; that, while the deed was thus upon record, Edward B., who was, aside from this land, insolvent, with full knowledge and consent of Josiah Trent, represented to appellee that he was the owner thereof, and that appellee, relying upon such representations, and believing them to be true, sold said Edward B. a restaurant and stock of goods, and took the notes in suit as payment therefor. It also avers that appellant and Edward B. colluded to cheat and defraud appellee by representing to him that the real estate was the property of Edward B.; that said collusion was for the fraudulent purpose of enabling Edward B. to purchase the goods of appellee; that they both shared in the goods thus purchased; that after the death of Edward B. appellant claimed to be their owner as his heir; that appellee sold said goods upon the fact that Edward B. owned said real estate, and upon the representations made to him by both of said parties.

If the answer was good, of which we have doubt, but do not decide, the reply stated facts to avoid the issue thus tendered, and hence was sufficient. As between appellant and Edward B., the conveyance by the former to the latter,

although in fraud of creditors, was valid.  *Kitts* v. *Willson,* 140 Ind. 604; *Edwards* v. *Haverstick,* 53 Ind. 348; *Findley* v. *Cooley,* 1 Blackf. 262; *Springer* v. *Drosch,* 32 Ind. 486, 2 Am. Rep. 356; *Fouty* v. *Fouty,* 34 Ind. 433.

Justice Story says: "A conveyance of this sort  *  *  * [for fraud as against creditors] is void only as against creditors, and then only to the extent in which it may be necessary to deal with the conveyed real estate for their satisfaction.  To this extent and this only it is treated as if it had not been made.  To every other purpose it is good."  1 Story, Eq. Jurisp. (13th ed.), §371.

Courts will not permit a person to take advantage of his own wrong or fraud.  Thus, where one conveys his real esstate to another without consideration, to avoid liability for debt, and in fraud of creditors, he will not be permitted to say that he was not guilty of fraudulent intent.  The law makes such conduct fraudulent, and this is emphasized when an innocent vendor subsequently sells property to the original fraudulent vendee upon the faith and credit of the property thus conveyed to him.  *Personette* v. *Cronkhite,* 140 Ind. 586; *Shed* v. *Webb,* 157 Ind. 585.  Our conclusion is that the reply was not open to a successful attack of a demurrer.

The tenth, eleventh, twelfth, nineteenth, and twentieth errors assigned may be considered together, as they relate to the same question, and arise under appellee's petition and motion to have an administrator appointed for the estate of Edward B. Trent, and have him substituted as a party defendant.  Appellant moved to reject and strike out the petition and motion, which was overruled, and his motion and the ruling thereon are brought into the record by a bill of exceptions.  As stated, Edward B. died before the final disposition of the case, and the action could only be prosecuted against his personal representative.

Four reasons are given why the motion to substitute should be stricken out:  (1) Because the issues were

joined, trial had, argument of counsel heard, and the cause finally submitted to the court; (2) that admitting the administrator as a party would require the making of 'new parties after the issues had been joined; (3) that by his substitution new parties were made, new issues would have to be joined, and thus annul the trial that had already been had; (4) that a good defense can not be set aside after issues are joined, trial had, and the cause submitted to the court for decision.

The reasons stated in the motion are not altogether in harmony with the facts disclosed by the record. The record does not show that the issues were joined when the petition for substitution was filed. In any event we have no doubt of the right, pending an action, where one of the parties dies, to have an administrator of such deceased party substituted. The action could not proceed otherwise. It does not necessarily follow that new issues must be made. The administrator in such case represents the deceased. After Foster was substituted, he appeared to the amended complaint, and made himself a party to the action by filing an answer admitting the allegations of the complaint, and consenting to a judgment allowing the claim against the estate and sustaining the attachment. We are not advised as to how appellant was injured by the substitution of Foster. He became the representative of the estate of the deceased, with which appellant had no connection, and with which he had no right to meddle. The motion to strike out was properly overruled.

Appellant, in his assignment, predicates error on the overruling of his motion to dismiss the attachment as against him, as affecting his interests in the real estate attached. Counsel say that the attachment proceedings should have been dismissed, so far as they affected the appellant, "for the reason that said appellant * * * was not in any manner a party to the attachment proceedings, neither did he in any manner appear to the attach-

ment proceedings." If he did not appear to the attachment proceedings, we do not know what right he had to move to dismiss them. In any event, this action is prosecuted upon the theory that the conveyance by Edward B. to appellant was fraudulent, and hence void as to creditors. If it was fraudulent, then the property was the property of appellant, and subject to attachment. As between appellee and Edward B., that was the issue of fact for determination. If the conveyance was not fraudulent, then the title vested in appellant, in which event his ultimate rights could not have been prejudiced. The issue which he tendered, and which was the issue between him and appellee, was that the property was his and not Edward B's. If for no other reason, the motion was properly overruled because it was not made until after final judgment. It came too late.

The sixteenth specification of the assignment of errors is that "the court erred in rendering personal judgment on the notes in suit against the estate of Edward B. Trent, deceased." If this was a proper assignment of error, appellant could not take advantage of it, for the judgment rendered against the estate of Edward B. could in no way affect his rights. He can only complain of errors prejudicial to him.

Appellant moved in arrest of judgment, which motion was overruled, and such ruling is one of the errors relied upon for reversal. It is urged that the motion in arrest should have been sustained for four reasons: (1) That the complaint did not state a cause of action against Foster, administrator; (2) that the notes were not due; (3) that the complaint does not aver that Edward B. Trent was at any time the owner of the real estate in controversy; and (4) that the real estate described in the complaint is not the real estate conveyed by Edward B. to appellant. Appellant can not take advantage of the first reason urged in arrest of judgment, because he is not affected by it. If anyone could complain, it was the administrator, and he waived

the point by appearing and filing an answer consenting to judgment. There is no merit in the second reason assigned, because an attachment proceeding may be successfully prosecuted upon a note not due, under the express provisions of the statute. §925 Burns 1901. An action in attachment and to set aside a fraudulent conveyance may be jointly prosecuted. *Quarl* v. *Abbett,* 102 Ind. 233, 52 Am. Rep. 662. The third reason urged in arrest of judgment was disposed of in passing upon the sufficiency of the complaint. There is no merit in the fourth reason urged. The real estate is sufficiently described and identified.

Appellant's motion to modify the judgment was also overruled. He asked in his motion that the judgment be modified so that the real estate attached be sold only when the last note sued on should become due, and that only a lien "be declared on said lands for the payment of said notes when said last note falls due." Also to modify the "judgment and decree in attachment, that any sum or sums of money in the hands of said Foster as administrator * * * shall be applied first to the satisfaction of plaintiff's judgment," etc. The judgment makes ample provision for the application of any funds in the hands of the administrator to the payment of the judgment, and therefore the last reason assigned for the modification of the judgment is unavailing. As to the first, we do not see how appellant is in a position to take advantage of it, even if the judgment·is not technically correct. The court found that the conveyance from Edward B. to appellant was fraudulent, and that the latter took the conveyance with full knowledge of the fraud. The court also found that Edward B. after said conveyance was insolvent. There was ample evidence to support the attachment. The modification of the judgment, for which he asked, could in no sense affect his rights, and hence, he can not complain.

Under the statute (§273 Burns 1901) and the practice in this State, the trial court has wide latitude and discre-

tion in admitting new parties. Where full and complete justice can not be done without the bringing in of new parties, they should be brought in. *Scobey* v. *Finton,* 39 Ind. 275; *Pickrell* v. *Jerauld,* 1 Ind. App. 10, 50 Am. St. 192; *Parker* v. *State, ex rel.,* 132 Ind. 419; *Barner* v. *Bayless,* 134 Ind. 600; *Kirshbaum* v. *Hanover Ins. Co.,* 16 Ind. App. 606.

This disposes of every question but the overruling of appellant's motion for a new trial. In that motion he assigned thirty reasons why it should be sustained. We can not take up these several reasons seriatim, for it would extend this opinion to an unreasonable length, and not serve any useful purpose. The first and second reasons question the sufficiency of the evidence to support the finding and judgment. There is an abundance of evidence to support every material averment of the complaint, and, while there is some conflict, we can not disturb the judgment on the evidence. The third reason is not discussed. The fourth to the nineteenth reasons, inclusive, allege error in admitting evidence over appellant's objections. A careful examination of the evidence thus admitted, in connection with all the other evidence, leads us to the conclusion that there is no reversible error in the admission of the evidence of which appellant complains. Under repeated decisions and the express provisions of the statute, error which is not prejudicial to the complaining party is not sufficient to reverse a judgment; and where the merits of a cause have been fairly tried and determined and substantial justice has been done between the parties, a judgment should not be reversed. §§401, 670 Burns 1901; Ewbank's Manual, §254; Elliott, App. Proc., §§631, 652; *Poundstone* v. *Baldwin,* 145 Ind. 139; *Engrer* v. *Ohio, etc., R. Co.,* 142 Ind. 618; *Schmidt* v. *Draper,* 137 Ind. 249. The twentieth, twenty-first, and twenty-second reasons for a new trial charge errors in overruling appellant's motion to strike out certain evidence,

and in refusing to permit appellant to answer certain questions propounded to him. There was no error in these rulings. All other questions attempted to be raised by the motion for a new trial have been disposed of adversely to appellant in this opinion.

The trial court reached the right conclusion, and the judgment is affirmed.