# CROSS *v.* UNION STORAGE AND TRANSFER COMPANY.

---

ATTACHMENT; MOTION TO QUASH; LACHES.

A motion to quash an attachment must be made within a reasonable time after the return of the writ, and when made more than three years thereafter will be denied, where no reason for such delay is shown and a large amount of storage and other charges have meanwhile accumulated against the attached property.

No. 3206.   Submitted March 7, 1919.   Decided March 31, 1919.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia, overruling a motion to quash a writ of attachment and to vacate an order of condemnation.
*Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellee, Union Storage and Transfer Company, in January, 1915, sued the appellants, Samuel E. Cross and Carrie E. King, in the municipal court to recover $34, and caused to be issued and levied an attachment upon certain property belonging to the appellants.  Shortly afterwards a judgment against the appellee in the sum of $34 and a judgment of condemnation against the property were rendered.  An appeal was duly taken to the supreme court.  In 1917 one of the appellants, in answer to a motion filed by the appellee for additional security, filed an affidavit setting up that the attached property had never been released to him and was still held as security for the payment of any judgment and costs that might be secured against the defendants.  The appeal came on for trial in March, 1918, at which time, just before the jury was sworn, the defendants filed separate affidavits of defense, in which, among other things, they denied the facts set out in the plaintiff's attachment affidavits, but there was no motion to quash the attachment, and the apparent purpose of the affidavits was not to secure the vacation of the attachment, but to deny the plaintiff's affidavit of merit under the 73d rule.  A verdict was returned against the appellee in March and judgment on the verdict pronounced in April, 1918.

On April 26 a judgment of condemnation was entered against the attached property and in May a special writ of fieri facias was placed in the hands of the marshal to be executed against the attached property for the purpose of satisfying the judgment.  After this writ was sued out, but on the same day, appellants filed a motion to quash the attachment and to vacate the judgment of condemnation, which motion was accompanied by a joint affidavit of the appellants.  During the time that the

property has been under the attachment storage and other charges have accumulated in the sum of about $200.

Mr. *Richard P. Evans* and Mr. *Samuel D. Truitt,* for the appellants:

"On such appeal the circuit court shall, in a summary way, hear the case *de novo,* upon the proofs and allegation of the parties, and determine the same according to law and the equity and right of the matter; but either party may demand a trial by jury." D. C. Code, sec. 80.

The municipal court rendered its concurrent judgment for debt and for condemnation of the property seized under attachment. The declaration in that suit was entitled "Declaration in Attachment before Judgment." The defendants appealed from the entire judgment rendered upon the issues raised by said declaration, and the entire case was carried up to the supreme court for trial *de novo.* *Roberts* v. *Southerland,* 22 App. D. C. 600; *Okie* v. *Person,* 22 App. D. C. 183; *Moses & Sons* v. *Hayes,* 36 App. D. C. 196; *Simpson* v. *Guiseppe,* 35 App. D. C. 98.

In other words, the supreme court is a forum for retrial rather than an appellate court in these municipal court cases.

Being a trial *de novo* the appellants had the right to have the issue of the validity of said attachment raised by their traversing affidavits, heard and determined under the provisions of D. C. Code, sec. 451. Sec. 451. "Traversing Affidavits. If the defendant in any case shall file affidavits traversing the affidavits filed by the plaintiff the court shall determine whether the facts set forth in the plaintiff's affidavit as ground for issuing the attachment are true, and whether there was just ground for issuing the attachment; and if, in the opinion of the court, the proofs do not sustain the affidavit of the plaintiff, his agent or attorney, the court shall quash the writ of attachment," etc.

It appears to be well settled that where an act is clear upon its face, and when, standing alone, it is fairly susceptible of but one construction, that construction must be given to it. *Hunnin-ton* v. *Rathbone,* 175 U. S. 414.

The ancient doctrine that until execution executed the court can avoid the levy has been incorporated into the Code of various states, notably New York, wherein it is enlarged so that the court has control of the property, or its proceeds, up to the time application thereof shall have been made to the judgment. *Andrew* v. *Schofield Co.* 27 Hun, 90.

While we have no statute in the same terms, the language in sec. 451 Code, "in any case" would appear to mean in any case in which the property could still be subjected to an order of court. The court has supreme control over its own writs.

The defendants were entitled to have said attachment quashed and the judgment of condemnation vacated. *McKenzie* v. *Crouse,* 35 App. D. C. 291; *Clark* v. *Meixsell,* 29 Md. 221.

It has been held that the lien of the attachment is released by the appeal bond, because the sole object of the lien is to secure payment of the final judgment, and after the appeal that is amply secured by the appeal bond or undertaking. *Otis* v. *Warren,* 16 Mass. 56; *Bushy* v. *Raths,* 45 Mich. 81; *St. Joseph, etc., R. Co.* v. *Casey,* 14 Kan. 504; *Parker* v. *Dean,* 45 Miss. 408; *Ela* v. *Welsh,* 9 Wis. 395; and others.

*Mr. Alvin L. Newmyer* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The supreme court refused to sustain the motion to quash and set aside the judgment of condemnation, on the ground that it was not seasonably made. We think the court was right.

There is a contrariety of opinion in the courts with respect to the time when a motion to quash an attachment must be made, if at all; some holding that it must be made upon the return of the writ or as soon thereafter as possible (*Beecher* v. *James,* 3 Ill. 462; *Brewster* v. *James,* 3 Ill. 464); some that it may be made at any time before trial or final judgment (*Jarvis* v. *Barrell,* 14 Wis. 591; *Trent* v. *Edmonds,* 32 Ind. App. 432, 70 N. E. 169); and others that it may be made even after final judgment, provided the attached property has not been sold and

the proceeds applied in satisfaction of the judgment (*Andrews v. Schofield,* 27 App. Div. 90, 50 N. Y. Supp. 132), but the general rule seems to be "that no motion to vacate or quash can be made after final judgment." 6 C. J. 440, 442.

The question is new in this court. We think the wiser rule is the one which requires the motion to be made within a reasonable time after the return of the writ. The record before us is devoid of anything justifying the appellants in withholding the motion until about three years and four months after the institution of the suit, and until a large amount of charges had accumulated against the property.

The judgment of the lower court is affirmed with costs.

*Affirmed.*