WALKER and Others *v.* HOULTON and Another.

Assumpsit by *A.* against *B.* for work and labour and goods sold. Plea, a
former recovery. Replication, *nul tiel record.* On the trial, *B.* produced
the record described in his plea, which was of an action of assumpsit
brought by him against *A.* in which non assumpsit was pleaded, with a
notice of set-off for work and labour and goods sold to a larger amount,
&c., and in which *B.* recovered.

*Held,* that on this evidence the defendant was entitled, under the issue, to
judgment. *Held,* also, that if the matters sued for by *A.* were not inquired
into under the notice of set-off in the first suit, he might have replied
that fact.

*Monday,*
*June* 15.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—Assumpsit for work and labour and goods
sold and delivered. *Houlton* and *Hughes* were the plaintiffs.
Damage, 300 dollars. Plea, a former recovery in a Court of
common pleas in the state of *Ohio*, in a suit brought by the
present defendants, *Walker* and others, against the present
plaintiffs. Replication, *nul tiel record.*

On the trial, the defendants gave in evidence a transcript
of the record described in the plea. The suit was assumpsit
on two promissory notes, and for goods sold and delivered.
Plea, non assumpsit, with a notice of set-off of a demand of
1,000 dollars for work and labour and goods sold and de-
livered. Verdict and judgment for the plaintiffs in that suit.

Upon an inspection of the record, the Circuit Court gave
judgment for the plaintiffs, *Houlton* and *Hughes.*

The pleadings before us present the single question, whe-
ther there was such a record as the plea described? The
defendants produced the record. There was no material
variance between it and that averred in the plea. It showed
that claims for work and labour and for goods sold and de-
livered, greater in amount than those now sued for, were
brought forward by *Houlton* and *Hughes* as a set-off in that
suit; and it must be presumed, under the present issue, that
those claims are the same with those now sued for, and that
they were then litigated and determined.

When a defendant pleads a former recovery in a suit by
the plaintiff, and the latter wishes to show that the causes of
action are not the same, he may deny their identity by a

replication.  3 Chitt. Pl. 928, note.—*Seddon et al.* v. *Tulop,* 6 T. R. 607.—*Bagot* v. *Williams,* 3 Barn. & Cress. 235.— *Snider et al.* v. *Croy,* 2 Johns. Rep. 227.  So, in the present case, if the matters sued for were not inquired into under the notice of set-off in the first suit, the plaintiffs might have replied that fact.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the replication set aside, with costs. Cause remanded, &c.

*H. Cooper,* for the plaintiffs.

*D. H. Colerick* and *W. H. Coombs,* for the defendants.