## SHARKEY ET AL. *v.* EVANS, ADMINISTRATOR.

EVIDENCE.—*Trespass.*—*Pleadings in Former Action.*—*Entry of Clerk.*—In an action for trespass upon the real estate of the plaintiff, the pleadings, entries, and judgment in a former action of the plaintiff against one of the defendants, to recover possession of the real estate, where the judgment was for the defendant, but the entry of judgment contained a statement that the ground upon which the judgment was rendered was, that the defendant was the tenant of the plaintiff and had received no notice to quit, were inadmissible as evidence for the plaintiff to show that he was the owner of the real estate.

RECORD.—*Former Action.*—*Issue in Former Action, how Determined.*—What was in issue in a former action must be determined from the pleadings; and when the issues were tried by the court, in the absence of a special finding by the court, a mere statement in the entry made by the clerk can not be regarded as showing on what particular ground the finding and judgment proceeded.

From the Henry Circuit Court.

*J. T. Elliott* and *M. L. Bundy,* for appellants.

*J. Brown* and *R. L. Polk,* for appellee.

DOWNEY, J.—This was an action by John Myers, the intestate of the appellee, against the appellants, twelve in number. It is alleged in the complaint, that on the 12th day of March, 1871, at, etc., the defendants, with force and arms, did, then and there, unlawfully and wrongfully enter upon the premises of the plaintiff, situate, etc., and did then and there remove, injure, and destroy one dwelling-house belonging to the plaintiff, of the value of three hundred dollars, and did then and there remove, injure, and destroy one smoke-house and out-house belonging to the plaintiff, of the value of seventy-five dollars, and break down, injure, and destroy the fence around the said house, of the value of ten dollars, to the damage of the plaintiff four hundred dollars, for which sum he demands judgment.

The defendants answered in four paragraphs: 1. A general denial. 2. That they were the servants and employees of the Columbus, Chicago, and Indiana Central Railway Company, a lawful corporation created under the laws of the State of Indiana; that the said railroad company, by the leave,

license, and express permission of the owner of the close, soil, and freehold, in the year 1863, erected thereon the house and structure in the complaint mentioned, and ever thereafterward said railroad company continued to possess and occupy the same for their own use, all of which was well known to the plaintiff; that afterward, the owner conveyed the said close to the plaintiff, who demanded ground rent, which the railroad company paid him, and continued to retain and occupy the peaceable possession thereof, up to the time in the complaint mentioned, when, by direction of said company, these defendants, her servants and employees aforesaid, removed said house on the land of said company near by, as they lawfully might for the cause aforesaid, doing no unnecessary injury to said plaintiff; and these are the same trespasses whereof the plaintiff has complained against them. 3. That the house in the complaint mentioned, at the time therein stated, was moved by the leave and license of said plaintiff. 4. That the defendants are the servants and employees of the said railroad company; that in 1861 the said house was built by said company under the supervision of one Robert Mink, the road master of said company, and occupied by Michael Butler, section boss; that the lot on which it was built was bought and paid for by said company, but Butler took the deed in his own name without the knowledge of said company; that the house was built, owned, and occupied by said company, and has always been in its possession and occupied by its agents and servants for the use of the company; that said plaintiff Myers, at the time of his purchase, well knew that said premises had always been in the adverse possession of the railroad company, under a claim of title thereto, and well knew that the company had built the house on said lot and claimed the ownership thereof; and these facts the said defendants are ready to verify, etc.

Reply to the second, third, and fourth paragraphs of the answer by a general denial, trial by a jury, verdict for the plaintiff, except as to Patrick Garrety, who was found not guilty. The defendants against whom the verdict was

found moved the court for a new trial, for the reasons follow-
ing, viz.: 1. The verdict is not sustained by sufficient evi-
dence and is contrary to law.   2. Permitting the plaintiff to
give in evidence the judgment and proceedings in this court
in the case of the plaintiff herein against said Thomas Shar-
key, one of said defendants, at the March term, 1871.   3. In
giving instructions one, two, three, and four, and each of them,
on its own motion.   4. Refusing to give instructions one,
two, three, four, five, six, and seven, asked by the defendants.

   This motion was overruled, and final judgment rendered
on the verdict.   The error assigned is the overruling of the
motion for a new trial.

   Passing over the first reason for a new trial, we will exam-
ine the second reason.

   The pleadings and entries admitted in evidence were in a
former action by Myers against Sharkey, to recover the pos-
session of the ground and house in question.   The plaintiff
offered and read in evidence the complaint, the answer, which
was a general denial, and the judgment.   The object of the
plaintiff in offering the papers and judgment was, apparently,
to show by them that, in that action, he was found to be the
owner of the property, and that he failed to recover only on
the ground that the defendant was his tenant, and had
received no notice to quit.   The judgment was a judgment
for the defendant.   The statement of the ground on which
it was rendered must be regarded as the act of the clerk in
making his entry.   There was no proper special finding by
the judge given in evidence or set out in the judgment, nor
was it in any way legally shown on what ground the judg-
ment proceeded.   In our opinion, the judgment was no evi-
dence of the ownership of the property by the plaintiff or
of the fact that the defendant Sharkey was his tenant.
Hence we conclude that, for the purpose intended, the judg-
ment was not legal evidence, and should not have been
admitted.   Except for the statement in the entry of the judg-
ment, made by the clerk, of the ground on which the case
was decided, there is nothing in the record tending to sup-

port the plaintiff's case. On the contrary, the judgment having been for the defendant Sharkey, the record would seem to have been against the plaintiff rather than for him.

In referring to this evidence, the court, in its charge to the jury, said :

"The record of the finding of the court, in a case heretofore tried between the plaintiff and the defendant Sharkey, is only to be considered by you as evidence tending to prove title to property in the plaintiff as against said Sharkey, but it is not evidence against any of the other defendants. As they were not parties to that suit, they are not bound by such finding in any manner, and said finding is not conclusive against said Sharkey."

As we have already said, we can not regard the entry of the judgment in the former action as showing, in any legal way, the ground on which that judgment was rendered. We have often decided that a finding, unless made by request of the parties, or one of them, and signed by the judge, or, when the case comes to this court, contained in a bill of exceptions, can not be regarded as a special finding, but only as a general finding. When we seek to find what was in issue in a former action, we must look to the pleadings, and when the issues have been tried by the court, as was the case here, we can not regard the mere statements in the entry made by the clerk as showing on what particular ground the finding and judgment proceeded.

Some other questions are presented, relating to other instructions, but, as the facts may be different on another trial, we need not consider them.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.