Bottorff v. Wise.

## BOTTORFF v. WISE.

MISJOINDER OF CAUSES.—*Action to Recover Real Estate.—Damages.*—In an action for the possession of real estate, mesne profits may be recovered as damages; but damages for waste or injury to the freehold are not incident to such action, and the uniting of a suit therefor with such action is a misjoinder of causes, for which, however, the judgment will not be reversed.

SAME.—*Former Recovery.*—A complaint, the body of which was in the usual form of a complaint for the recovery of the possession of real estate, demanded judgment for the recovery of the land and a certain sum as damages for the detention thereof, and for injuries and waste committed thereon by the defendant, and for other proper relief.

*Held*, it not appearing that any objection was raised in said action to the misjoinder, that the recovery of the plaintiff therein might be pleaded in bar of a subsequent action by the same plaintiff against the same defendant for the recovery of the rents and profits of said land accrued, and damages for timber cut and carried away, and for waste committed on said land, prior to the commencement of said former action.

FORMER ADJUDICATION.—*Presumption.—Evidence.*—The presumption that whatever matters were embraced in the issues in an action were determined in the adjudication is not conclusive; and where a former adjudication is relied upon by a party, it is competent for the adverse party to allege and prove by parol what questions were considered and determined by the court or jury in the former action.

From the Harrison Circuit Court.

*W. A. Porter,* for appellant.

*W. T. Jones, S. J. Wright, L. Jordan* and *H. Jordan,* for appellee.

BUSKIRK, J.—This action was brought by the appellant against the appellee, after a recovery in ejectment, to recover the rents and profits of the land, for timber cut and carried away, and for waste committed on said land.

The appellee answered in three paragraphs. The first was in denial. The second and third set up affirmative matter in bar of the action. A demurrer was sustained to the second, and overruled as to the third paragraph. The overruling of the demurrer to the third paragraph is assigned for error.

The appellant replied in three paragraphs. A demurrer was sustained to the third paragraph, and this ruling is assigned for error.

There was a trial by jury, which resulted in a verdict for the appellee. The appellant asked for a new trial, mainly upon the ground that the court excluded evidence which tended to establish the truth of the matters alleged in the third paragraph of the reply.

The third paragraph of the answer set up a former adjudication and recovery of so much of the injuries complained of in the present action as occurred prior to the 14th of March, 1871. It is contended by counsel for appellant that such paragraph of the answer was not good. The complaint in the former action is in the record. It was a possessory action by the appellant against the appellee. The body of the complaint was in the usual form. The prayer was as follows:

" Wherefore, plaintiff demands judgment for the recovery of said lands and fifty dollars damages for the detention thereof, and for injuries and waste committed on said land by the defendant, and for other proper relief."

The question presented is, whether, under such a complaint, proof was admissible of the rents and profits accrued, and for the damages resulting from waste and other injuries

committed during the time the appellee was in possession of said premises.

Mesne profits may be recovered as damages in an action for possession of real estate. They are incident to the recovery of the possession. But damages for waste or injury to the freehold are not incident to such action, and should not have been united therewith. Sec. 598, 2 G. & H. 283; forms 19 and 20, 2 G. & H. 378; *Woodruff* v. *Garner*, 27 Ind. 4.

So far as the third paragraph of the answer claimed a recovery for the rents and profits, the claim was properly united with the action to recover the possession; but the claim for damages resulting from waste and injury to the freehold was improperly united. It was a misjoinder of causes of action, but a judgment cannot be reversed for a misjoinder. Sec. 52, 2 G. & H. 81. Nor does it appear that any objection was raised in the possessory action to such misjoinder. The complaint was broad enough to have admitted proof of the waste and other injury to the freehold. The demurrer was properly overruled.

It is, however, claimed by counsel for appellee, that the appellant is estopped by the recitals in the bill of exceptions from asserting that the claim for damages was not involved and decided in the possessory action between these parties. It was admitted on the trial, "that the plaintiff herein brought his action of ejectment on the 14th day of March, 1871, to recover the same lands referred to in the complaint in this action, together with damages for the unlawful detention thereof and for waste," etc.

The above admission shows that the action referred to was brought to recover the possession of the land, mesne profits, and damages resulting from waste; but it does not show that such questions were adjudged and determined.

In the third paragraph of the reply, it was averred that on the trial of the ejectment action between the parties to the present action, no evidence was offered or heard by the court in relation to damages resulting from trespass or waste,

and that the court did not consider or determine any question in reference thereto. To this paragraph a demurrer was sustained, and this ruling is claimed to have been erroneous.

The presumption is, that whatever matters were embraced by the issues were determined, but this presumption is not conclusive. Where a question of former adjudication is relied upon, it is competent for the other party to allege and prove by parol what questions were considered and determined by the court or jury. *Walker* v. *Houlton,* 5 Blackf. 348; *Hargus* v. *Goodman,* 12 Ind. 629; *French* v. *Howard,* 14 Ind. 455; *The I. & C. R. R. Co.* v. *Clark,* 21 Ind. 150; *Campbell* v. *Cross,* 39 Ind. 155; *Miles* v. *Caldwell,* 2 Wal. 35.

The court erred in sustaining the demurrer to the third paragraph of the reply.

It is also claimed that the court erred in excluding evidence of the matters alleged in the third paragraph of the reply. The court, having sustained a demurrer to the said paragraph, properly excluded the evidence offered in support of it.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to overrule the demurrer to the third paragraph of the reply, and for further proceedings in accordance with this opinion.