Filed March 1, 1893.

---

No. 725.

## BEAVER v. IRWIN.

FORMER ADJUDICATION.—*Partition.*—*Dower.*—*Rents.*—*Practice.*—An action was brought for partition, for the assignment of a dower interest, and for rents of the same; and the action was determined in favor of plaintiff as to partition, and as to all other questions there was a finding and judgment for the defendant.   Action was subsequently brought to recover rents for the dower interest, which was awarded her, after deducting for improvements.

*Held,* that the judgment in the former action as to partition, dower and rents, is conclusive as to her right to dower and rents.

*Held*, also, that if the plaintiff in the former action had decided not to litigate the question of dower, she should have dismissed as to that.

JUDGMENT.—*Matters in Issue.*—*Presumed to Have Been Litigated.*—*Evidence as to.*—*Collateral Attack.*—In an action, everything that might have been litigated under the issues will be conclusively presumed to have been litigated, and evidence is not admissible to show what was actually litigated or what cause of action or defense the judgment is based upon, such evidence being in the nature of a collateral attack.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellant.

*J. A. Roberts* and *M. Vestal*, for appellee.

REINHARD, C. J.—The appellee sued and recovered of the appellant the value of two years' rent of certain real estate. The court found specially that the plaintiff was the owner of five acres of this land, and that the rental value thereof for the two years was $32.10, and there was evidence fairly tending to sustain this finding. The court was, therefore, justified in allowing the appellee this item. The court allowed the appellee an additional item of $25, which, it is strenuously insisted, was wrong.

Besides the fee simple title to the five acres, the appellee at one time owned a life-interest of one-third of the remaining land under the old dower law. She failed to have this interest set off to her, and never made any attempt to do so until March, 1890, when she brought an action for partition and for the assignment of her dower, as, also, for rents up to that time. The action was subsequently tried, and, so far as the claim to dower was involved, was determined against the appellee, the court holding that her right to the assignment of dower was barred by the twenty years' statute of limitation.

The court, in this case, found the facts above stated specially, but found further that the appellee's right to recover rent for her dower-interest was not concluded by the judgment, for the reason that the question of her ownership of the dower-interest in the land was not litigated in

the trial, although the same was put in issue by the plead-
ings.   Upon this theory the court found that the appellee
was still the owner of said dower-interest, although the
·same had never been assigned to her, and that the appel-
lant, who had occupied the same, was liable to her for rent.
The court found the value of this rent to be $75, and de-
ducting therefrom the sum of $50 for valuable improve-
ments shown to have been made by appellant, allowed the
appellee a balance of $25 on this item, which the appellant
insists was error.

The decree of the court, in which the partition was had
and dower refused, is made a part of the special finding.
It sets off to the appellee the five acres in fee simple, and
as to all other questions there is a finding and judgment
for the defendant, the present appellant.   On the trial of
this cause the court, over appellant's objection and excep-
tion, admitted oral evidence to explain the judgment and
show what questions were actually litigated in the former
suit.   This ruling, in connection with the alleged erroneous
conclusions of law upon the special finding, is the basis
of the appellant's contention that the judgment should be
reversed.   If the appellant is correct in this, there was an
excessive allowance for the appellee in the sum of $25,
which carries with it the cost of the suit.

The point to be determined by us reduces itself to this—
Does the judgment in the former suit conclude the appel-
lee in her claim for rent of the dower-interest?   If it does,
the judgment is improper as to the $25 and costs of the suit.
In order to determine what was in issue in the former ad-
judication, resort must be had to the pleadings there, and
everything that might have been litigated under the issues
as formed will be conclusively presumed to have been lit-
igated.   *Howe* v. *Lewis*, 121 Ind. 110;   *Wilson* v. *Buell*, 117
Ind. 315 :   *Elwood* v. *Beymer*, 100 Ind. 504.

Where the pleadings are unambiguous parol evidence is
not admissible to show what was actually litigated, or what

cause of action or defense the judgment is based upon. *Gentry* v. *Purcell*, 84 Ind. 83; *Pickrell* v. *Jerauld*, 1 Ind. App. 10; *Furry* v. *O'Connor*, 1 Ind. App. 573.

We are of the opinion that the judgment conclusively settles the appellee's right to the dower-interest against her. If she decided, during the first trial, not to litigate that question, she should have dismissed that part of her cause of action. Having elected to let it stand as a portion of her complaint, and there being a general finding against her upon all questions except that of the partition, she is barred by the judgment as upon a former adjudication, and no evidence was proper, the object of which was to invalidate the force and effect of such judgment, for the simple reason that all such evidence is in the nature of a collateral attack upon the same.

There are other questions presented by the record, but we regard this as the controlling one.

Judgment reversed, at appellee's cost, with directions to the court below to restate its conclusions of law, and otherwise proceed in accordance with this opinion.

Davis, J., having been of counsel, was not present.