THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* NOFTSGER.

[No. 2,083.    Filed February 19, 1897.]

APPELLATE COURT. —*Jurisdiction.—Title to Real Estate Involved.—* The Appellate Court has no jurisdiction of an appeal in an action for damages where the title to real estate is in issue to such an extent that the determination of title might affect the amount of damages recovered.

From the Madison Circuit Court. *Transferred to Supreme Court.*

*C. M. Greenlee, J. A. Van Osdol, George M. Ballard* and *John L. Rupe,* for appellant.

*Jacob W. Perkins, Perry Behymer* and *W. H. Jones,* for appellee.

BLACK, J.—The appellee sought and recovered from the appellant damages on account of the building, maintenance, and operation of a railway switch adjoining certain real estate owned by the appellee. The complaint alleges, amongst other things, the purchase of said real estate by the appellee on the 13th of July, 1892, from one Letha J. Warner and others named, who were the owners thereof, and the execu-

tion of a title bond by the vendors to the purchaser; and that on the 23rd day of August, 1893, the appellee became, and is yet, the owner in fee simple, by deed of conveyance from said vendors of said real estate, which is described in the complaint by metes and bounds. The complaint also shows the ownership of said grantors of a tract of twenty-five and thirty-seven hundredths acres described, of which the real estate so conveyed to the appellee was a part; that, at the date of said conveyance to the appellee, there was a certain public highway, forty feet in width, running north and south, adjoining said tract of twenty-five and thirty-seven hundredths acres on the east; and another certain highway thirty feet in width, running east and west, adjoining it on the north; that said real estate so conveyed to the appellee was situated thirteen feet west of said north-and-south highway, and fifteen feet south of said east-and-west highway; that at the date of said conveyance to the appellee, and prior and subsequent thereto said grantors sold other parcels out of said tract to other persons, "and that all such tracts, including the one to the plaintiff, have been sold and conveyed by said grantors, with the express understanding and agreement that such grantors were to leave a strip thirteen feet off the east side and a strip fifteen feet off the north side of said tract held by said grantors; that said strips of land were to be, and were, dedicated to the public by the owners of said lands for the purpose of widening said public highways, and that said parcels of land sold to the appellee and others were sold with reference to said highways as so widened." Other facts are alleged to show a dedication of said strip fifteen feet in width on the north side of appellee's real estate. The erection of certain improvements, of a specified value, by the appellee on her said real estate for

a home for herself and family is alleged; and it is stated that her only means of ingress and egress to and from buildings mentioned erected by her is from said street. It is alleged that the appellant on or about the 17th of August, 1894, without any permission from the appellee, who was then, and is yet, the owner of said real estate, and without any proceedings to condemn the public highway running along the north side thereof, or paying appellee for the right of way, constructed and built a switch, or belt railroad track, on and along the south side of said highway in front of appellee's land, residence, and buildings, and has ever since maintained and used said track for switch and freight purposes. The mode of constructing said railroad track and its situation and height and character as an obstruction are described, and it is alleged that by reason of its construction and maintenance, and the running of cars over said track, the appellee has been interrupted and inconvenienced in the use of said highway, and access to her property through and across it with any kind of vehicles has been rendered more difficult and dangerous; and she has been prevented from delivering and unloading her feed and other articles in her buildings, on account of the construction of said track; and that appellant has failed to provide any means of crossing it.

Among the specifications of damages, it was alleged that on account of the great height of said grade, the water that flows north across the appellee's land is prevented from running off, but backs up and overflows said premises; that many trains hauling freight pass the appellee's property daily, and the smoke, noise, and flying cinders from the locomotives are a source of great annoyance to appellee, and that on account of the proximity of appellant's railroad to appellee's property the hazard and risk from

fire and sparks from passing locomotives have been increased, and the rate of insurance has been about doubled. It is alleged that by reason of the building, maintenance, and operation of said railroad, said real estate has been depreciated in value $1,200; and it is averred that by reason of all the facts stated appellee has sustained damages to her said property in the sum of $2,000.

A demurrer to the complaint was overruled. The appellant answered by a general denial and by a second paragraph, in which it was alleged, that the appellant was the owner in fee simple, by conveyance from the owners, of said real estate upon which the appellant located and constructed its railroad track; that said railroad track as complained of and stated in the complaint was upon its own real estate; that it was the owner of said real estate at the time its said railroad track was constructed; that the real estate upon which the same was constructed "is not now nor ever was railway ground or dedicated to the purpose of a railway or street, or that the public had never occupied or used the same as such."

To the second paragraph of answer the appellee replied in two paragraphs. The first was a general denial, and in the second it was alleged that if the appellant "is and was the owner in fee simple of the real estate in its answer referred to when said track was constructed, it took title thereto about one year after the dedication of said street or highway to the public and after the erection and construction of" the appellee's dwelling house and other improvements on the real estate abutting on said street, with a full knowledge that said street had been widened and dedicated and that the parcels of land owned by the appellee had been sold with reference to said highway as widened, and with the further knowledge of the

fact that the appellee was the owner in fee simple of all the real estate in said highway to the center thereof.

The cause was tried by a jury, and a special verdict was returned in the form of interrogatories submitted to the jury and their answers thereto, the appellee's damages being assessed in the sum of $600. The court overruled the appellant's motion for judgment on the special verdict and its motion for a new trial, and rendered judgment for the appellee for the amount assessed by the jury.

The jurisdiction of this Court is bestowed, defined, and limited by statute. By the first section of the amendatory statute of 1893, section 1336, Burns' R. S. 1894 (6562a, Horner's R. S. 1897), it is provided that it shall have exclusive jurisdiction, "subject to the exceptions hereinafter designated, of appeals from the circuit, superior and criminal courts in the following classes of cases: * * * Third. All actions seeking the recovery of a money judgment only, where the amount in controversy, exclusive of costs, does not exceed thirty-five hundred dollars. * * * The exceptions to which the foregoing grant of jurisdiction is made are these: * * * Third. Where the title to real estate is in issue the Appellate Court shall not have jurisdiction. If it appears that any case which would otherwise fall within the jurisdiction of the Appellate Court as herein defined is within any of the exceptions enumerated, the said Court shall cause to be duly certified to the Supreme Court cases thus found to be within the jurisdiction of the Supreme Court."

In the act of 1891 by which the court was originally created, of which said act of 1893 was amendatory, among the cases of which it was given jurisdiction were "all cases for the recovery of money only where

the amount in controversy does not exceed one thousand dollars," and there was no such express exception as that above quoted in the act of 1893. (Acts 1891, p. 39.)

Whatever might have been regarded as the correct view under the statute of 1891, there can be no doubt that under the act of 1893 this court has no jurisdiction in any case whatever where the title to real estate is in issue.

It is unnecessary to search for the policy of thus confining to one court of last resort the decision of appeals involving the title to land; it is our duty to inquire only as to whether or not the title to real estate is in issue in the cause, and if we find it to be so, or if we find it to be a matter which is reasonably doubtful, it is proper for us to transfer the cause to the Supreme Court.

To involve the question of title, it is not necessary that a decree be sought or rendered in which there is an express settlement of the question of title. If, upon the record, it appear that the parties are concluded as to the title of land by the verdict and judgment, and the title can be said to be *res judicata*, it would seem that the subject is so involved in the action as to deprive this court of jurisdiction of the appeal from the judgment.

To constitute a former adjudication, it is not necessary that the form of the action be the same in both cases. It is sufficient if the question in controversy has been once litigated between the same parties. *Baker* v. *State, ex rel.*, 109 Ind. 47; *Lieb* v. *Lichtenstein*, 121 Ind. 483.

A plea of former adjudication is good as to all that was decreed in the former action and as to all that might have been decided under the issues. *Stanton*

v. *Kenrick*, 135 Ind. 382; *Gilmore* v. *McClure, Adm.*, 133 Ind. 571.

The principle that whenever a matter is adjudicated and finally determined by a competent tribunal, it is considered forever at rest, it was said, in *Parker* v. *Obenchain*, 140 Ind. 211, "not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case."

In *Beaver* v. *Irwin*, 6 Ind. App. 285, it was said: "In order to determine what was in issue in the former adjudication, resort must be had to the pleadings there, and everything that might have been litigated under the issues as formed will be conclusively presumed to have been litigated. * * · * Where the pleadings are ambiguous parol evidence is not admissible to show what was actually litigated, or what cause of action or defence the judgment is based upon."

In *Howe* v. *Lewis*, 121 Ind. 110, it was said: "The difficulty always arises in determining just what has been litigated and settled and in the application of the rule, and never exists in ascertaining what the rule is. The difficulties in applying the rule are largely increased in this State by reason of the fact that the defendant, under our system of practice, is permitted to plead in separate paragraphs all the defenses he may have whether legal or equitable. Under this rule defences are often pleaded which seem to be antagonistic to each other. In such cases where there is a general verdict, or a general finding for the defendant followed by a judgment, the effect of such finding, verdict and judgment is left in some doubt. What was in issue must always be determined by the pleadings. * * * Everything which might have been adjudged under the issues in a cause will be presumed

to have been adjudicated.  *  *  *  If a cause of action was involved in a former action, either as a set-off, counterclaim or defence, it is barred by the judgment.  *  *  *  Such questions as are within the issues, or such as are necessary to a complete determination of the point presented by the complaint, or such as are necessary to a full adjustment of conflicting interests in the property which is the subject of controversy, are settled by the judgment."

In the complaint the appellee did not expressly allege that she was the owner in fee of the real estate to the center of the street, or of any portion of the real estate on which the railroad was located; but some of the items of damage alleged were such that a recovery could be had therefor only upon the ground of such ownership, and the reply contained matter indicating that the appellee intended to proceed upon the theory that she had such ownership. In the answer the appellant in one paragraph denied the allegations of the complaint, and thereby put in issue any facts therein stated which might be regarded as affecting or being affected by the ownership of the real estate in question. Those facts at least involved a question, which we of course do not decide, not only as to whether there was a dedication of land to public use as a highway, but also as to whether the appellee was shown to have a right to claim damages to which she would not be entitled unless she were the owner of the real estate on which the railroad was constructed adjoining her lot. The appellant also answered affirmatively, denying the dedication and alleging its ownership in fee simple of the real estate upon which the railroad track is located, and that the appellant was the owner of said real estate when the track was constructed. The appellee in her first paragraph of reply denied these al-

legations, and in her second paragraph alleged, amongst other things, that the appellant took its title with full knowledge that the appellee was the owner in fee simple of all the real estate in said highway to the center thereof.

There is some contradiction in the record concerning some of the instructions contained in the transcript. The court, in instructing the jury concerning the measure of damages, told them that it was proper for them to take into consideration the injury to the property, if any, naturally resulting from the building of the switch, in any manner causing it to be less suitable for use, together with the increased danger from fire emitted from the locomotive, with all the facts proved which show a natural and necessary decrease in the value of the property. The question as to whether this instruction was erroneous is presented on this appeal.

The special verdict does not show specifically upon what the amount of damages was calculated, but among the items of damage, which the appellee was found to have suffered, were some for which a recovery could be had only upon the ground of her ownership of the land on which the railroad was located.

Among the interrogatories to the jury submitted by the appellee was the following: "Did not the plaintiff own the fee simple of the land on which the defendant railroad company constructed its switch or track, along and in front of the plaintiff's premises, to the center of the said highway as widened?" To this the jury answered: "Not in fee simple, but by dedication to the public."

Among the interrogatories submitted by the appellant was the following: "Did not the defendant, prior to constructing or laying said track along the plaintiff's premises, receive a deed of conveyance from

Letha Warner and others, the plaintiff's grantors, for the strip of ground fifteen feet in width lying between the property conveyed to the plaintiff and the south side of the highway upon the north, as it existed at the time of the conveyance of the plaintiff's property to her?" To this the jury answered: "A quitclaim deed was made to the P., C., C. & St. L. Railway Company, as shown by the evidence." The jury also found that the track was constructed on the fifteen feet strip described in the quitclaim deed given by Letha Warner *et al.* to the P., C., C. & St. L. Railway Company.

The second paragraph of answer presented a full defense. If the answer should be established on the trial, the action of the appellee would be wholly defeated. The issue upon it was tried, and it included the matter of dedication and the matter of title. The judgment was based upon the special verdict.

The decision of the question of title presented by the pleadings would affect the measure of damages. If there was error in assessing damages this would not authorize us to take jurisdiction, if the title to real estate was in issue. We cannot tell definitely what elements entered into the assessment of damages and therefore into the amount of the recovery. Facts concerning the title in issue were stated in the verdict. It was found that the appellee had no title in fee simple, and that there was a quitclaim from her vendors to the appellant. It was a cause in which the parties could put the title in issue, and it appears to have been so far involved that the appeal seems to be one which should be decided by the Supreme Court. Therefore, it is ordered that the cause be transferred to the docket of the Supreme Court.