Van Camp *v*. City of Huntington—39 Ind. App. 28.

VAN CAMP *v*. CITY OF HUNTINGTON.

[No. 5,843.  Filed October 31, 1906.]

1. APPEAL.—*Briefs.*—*Errors.*—*Waiver.*—Where appellant in his brief states that the substance of the controversy is fairly presented by the exceptions to the conclusions of law, the Appellate Court may disregard other alleged errors. p. 30.

2. MUNICIPAL CORPORATIONS. — *Council.* — *Rules.*—*Contracts.*— *Public Buildings.*—*Janitors.*—A contract signed by the mayor of a city pursuant to an order of the city council, and by the plaintiff, employing plaintiff as janitor for one year, which contract, when signed, was filed with the city clerk, is not binding on such city, where a by-law of said council provided that any vote could be reconsidered at the next subsequent meeting, and the order authorizing the mayor so to contract was reconsidered and rescinded at such succeeding meeting. p. 36.

3. PLEADING.—*Non est Factum.*—*What it Admits.*—The failure to file a plea of *non est factum* conclusively admits the execution of the contract sued upon. p. 36.

4. SAME. — *Non est Factum.* — *Failure to Plead.* — *Contracts.*— *Damages.*—The failure to file a plea of *non est factum* to a complaint for damages for breach of a contract does not preclude defendant from contesting the amount of ·damages. p. 36.

5. JUDGMENT.—*Res Judicata.*—*What Questions Are.*—A judgment is *res judicata* as to all matters actually, or which might have been, litigated under the issues. p. 37.

6. SAME. — *Res Judicata.* — *Issues.* — *In Whose Favor Found.*— *Presumptions.*—Under a general finding and judgment it will· be presumed, in a subsequent suit between the same parties, that all the issues involved therein were decided in favor of the party recovering judgment. p. 37.

7. EVIDENCE. — *Judgment.* — *Res Judicata.*—*Issues.*—*In Whose Favor Found.*—A judgment is *prima facie* evidence in favor of the successful party that all issues involved were decided in his favor, though there were other issues in the case, which, if· found in favor of such party, would have resulted in the same judgment. p. 37.

8. JUDGMENT.—*Res Judicata.*—*Forms of Action.*—To render a former judgment *res judicata* it is not necessary that the forms of action in such cause and the subsequent one be the same, the test being were the questions in controversy litigated. p. 37.

Van Camp *v.* City of Huntington—39 Ind. App. 28.

9. JUDGMENT.—*Res Judicata.*—*When Matter Is in Issue.*—A matter is in issue, so far as concerns a plea of former adjudication, when it is affirmed by one party and either denied or admitted expressly or impliedly by the other, and its determination is essential to a rendition of judgment on the merits. p. 38.

10. SAME. — *Res Judicata.* — *Whether Decree in Equity Bars Action at Law.*—A decree in an equity suit, though the proper forum for the cause was at law, bars an action at law for the same cause. p. 38.

11. SAME.—*Res Judicata.*—*Contracts.*—*Injunction.*—*Damages.*—Where a municipal corporation brings suit for an injunction to prevent its janitor from interfering with its property, and he answers a contract of employment, to which an unverified reply in denial is filed, a decree in his favor renders the validity of such contract *res judicata* in a subsequent action by him for damages for the breach of such contract. p. 38.

From Huntington Circuit Court; *Hiram Brownlee,* Special Judge.

Action by J. Locksley Van Camp against the City of Huntington. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Lesh & Lesh* and *C. W. Watkins,* for appellant.
*W. A. Branyan,* for appellee.

BLACK, J.—The appellant sued the appellee upon a written agreement dated December 29, 1904, and signed by the mayor of the city and the appellant, as follows:

"By this agreement between the city of Huntington, Indiana, through J. Fred France, mayor of said city, all of which has been duly authorized by resolution of said council adopted December 27, 1904, J. L. Van Camp is employed to act in the capacity of janitor for the city building in said city for one year from December 28, 1904, to December 28, 1905, at a fixed salary of $40 per month, payable on the last day of each calendar month. Said Van Camp is faithfully to perform all the duties as janitor of the entire building and to keep the same properly heated and cleanly, and to look after lighting and ventilation.

In witness whereof the contracting parties hereto set their hands and seals this 29th day of December, 1904.          J. Fred France,
                        Mayor of the City of Huntington.
          J. L. Van Camp."

The complaint contains two paragraphs, the first being for services rendered under the contract for a specified period; the second alleging that the appellant entered upon the discharge of his duties under the contract immediately after the execution thereof, and continued to do all the things required of him until March 15, 1905; that he had been ready and willing, etc., but that the appellee had broken the terms of the contract and failed to comply therewith, in that it had refused to pay him moneys earned as they fell due, and it had hampered him in the performance of his duties by locking up the fuel, brooms, brushes and other appliances provided for his use as janitor, and by such conduct made it impossible for him to carry out the contract; and the appellant had been damaged by said breach of the contract in an amount stated.

Issues were formed, which were tried by the court, and a special finding was rendered. Counsel for the appellant, in argument before us, state their belief that "the 1. substance of this controversy—the merits thereof— is fairly presented under the exception to the conclusions of law." Therefore we may confine our attention to the special findings, in which the court stated the facts substantially as follows: The appellant was a resident of said city, whose common council consisted of ten members. On December 19, 1904, and thereafter there was in force an ordinance of said city which provided: "When any question has once been decided in the affirmative or negative, any member voting with the majority may move a reconsideration thereof on the same, or at the next subsequent regular meeting." At a regular meeting of the common council, December 19, 1904, it fixed the salary of the

janitor of the city building at $40 per month. At a regular
meeting December 27, 1904, upon motion it was duly de-
cided to proceed to the selection of a janitor, and the ap-
pellant was duly selected as such janitor, and, on motion,
the mayor was authorized to enter into contract on behalf
of the city with appellant as janitor for one year. At this
meeting Prill, a member of the council, gave notice that he
would vote with the majority upon such question, so that
he could reconsider his vote at the next meeting. On
motion, the meeting at which these proceedings occurred
was duly adjourned to meet on the evening of December
30, 1904. The appellant with the mayor signed the agree-
ment above set out December 29, 1904, and when it was
so signed it was left with the city clerk and was marked
filed by him. At the adjourned meeting, December 30,
1904, Prill moved that the contract so signed be not ap-
proved, which motion was duly put, and, upon roll call,
was carried and adopted. At the same meeting, Prill
moved to reconsider the motion of December 27, 1904,
authorizing the mayor to enter into a contract with the
appellant, which motion was duly carried, and, on motion,
it was duly declared by the council that the position of
janitor was vacant, and the council, by motion and ballot,
selected Frank Hilyard as janitor. December 29, 1904, the
appellant entered upon the duties of janitor under such in-
strument, and performed services in that behalf until
March 14, 1905, two months and fourteen days; but from
and after December 30, 1904, the common council refused
to recognize him as janitor and at all times refused to allow
or pay him anything for services, except as hereinafter
stated. Before the commencement of this action the appel-
lee made a tender of $5.34 to the appellant, which he
refused to accept, and after the commencement of the
action the appellee brought said sum into court for the
appellant, who still refused to accept it.

At a called meeting of the council January 2, 1905, William A. Branyan was made the agent of the city to demand of the appellant the keys of said building, which demand was made and refused.

The appellee, January 14, 1905, filed its complaint in the court below against the appellant, which was set forth in the findings. Therein the city alleged, in substance, that it was the owner of the city building, its location being stated, which was recently constructed and equipped with office desks and other furniture for the use of certain city officers mentioned, and other officers, and for the city prison, "and is now occupied by such officials," etc.; that the city was the owner of all the keys to the locks of such building, together with the fuel, brooms, brushes, buckets, and other implements used and to be used by the janitor of such building; that the city through its common council had the right to have exclusive control, direction and management of all said property, personal and real, and was entitled at all times to the possession and use of all said property, both real and personal; that the defendant Van Camp, under color of a pretended contract, was assuming to exercise control of said property and was unlawfully and wrongfully persisting in interfering with said building, brooms, brushes, buckets, furnace, and fuel, and the keys to the locks of the several outside and inside doors, and continued, over the objection of the plaintiff, to lock and unlock said doors and to exercise control, authority, and possession of the rooms therein, and to exclude the plaintiff's servant and employe, to wit, Frank Hilyard, the duly appointed and acting janitor of said building, all of which occupancy, use, control, and handling of keys, etc., began January 1, 1905, and has since continued, and was wrongful and without license or consent of the plaintiff and its common council and mayor; that ever since said date the defendant had no contract of any kind, either oral or written; that he threatened to continue to

occupy the building, to lock and unlock its doors, to exclude and interfere with the plaintiff's officials, servants and employes, and to hold the keys, to the plaintiff's great injury and damage, on account of which an emergency existed for the issuance of a temporary order pending the action; that the defendant would continue to do so unless restrained by the court. Prayer for an order restraining the defendant from locking and unlocking any of the doors in said building, from removing any of the keys from the locks and from the building, from using or handling the brooms, etc., pending the action, and for a perpetual injunction.

The defendant in said action filed his answer to said complaint, which answer, in two paragraphs, was set out in the findings; the first paragraph being a general denial. In the second paragraph it was alleged, in substance, that December 29, 1904, pursuant to the action of the common council, the defendant duly entered into a contract with the city, whereby he was employed to act as janitor for said building for the period of one year from December 28, 1904, which contract was in writing and duly signed by each of the parties thereto, the city signing, by its mayor, pursuant to the authority and direction of the common council, a copy of which contract was made an exhibit (being the contract in suit in the case at bar). It was alleged that, pursuant to that contract, the defendant took charge of the keys to said building, the same being voluntarily turned over to him by Councilman Prill, who had been acting as temporary janitor of the building, and the defendant took charge of and used the buckets, etc., which were provided for his use in discharging his duties as such janitor; and he had looked after the heating, lighting, cleaning, and other things incident to the care of the building, but he had not done anything to any of the properties referred to in the complaint, or to the building, which were not merely incident to the discharge of his duties as

janitor; that he had not excluded the officers or employes from the building, except that he had kept it locked at such hours of the night as would be essential in the proper care and protection of the building and its contents, but he had not excluded the officers and employes of the city from the building when they desired to be therein; and that he had not done any act complained of except in the discharge of said contract.

To this second paragraph the plaintiff in said action (the city) replied by general denial, and by a second paragraph, in which it was, in substance, alleged, that December 27, 1904, the common council of said city, at a meeting thereof, by a majority of the members then present (one member being absent) voted to select the defendant as janitor, and to instruct the mayor to enter into contract with him for one year as janitor of said building; that December 29, 1904, a contract was written, a copy of which was set out in the defendant's answer; that the defendant called upon the mayor and asked him to sign the contract; that the mayor did sign it, but did so conditionally, and informed the defendant, both before and at the time of signing it, that it was signed only on condition that the common council approve it, and on no other terms was it so signed, and it was not delivered to the defendant, but was placed in the hands of the city clerk to be submitted to the council at the next night of their convening; that at an adjourned meeting of the council, December 30, 1904, which was an adjourned session of the council meeting held December 27, 1904, the contract was read by the clerk for approval or disapproval, and upon motion was rejected and disapproved by a majority vote of the council, and the motion, that the mayor enter into contract with the defendant, passed at the preceding meeting, was reconsidered by a majority vote of the council, and voted down and declared lost, and then, upon motion the

position of janitor was, by a majority vote, declared vacant, and on motion duly made Frank Hilyard, by a majority vote, was declared the duly selected janitor of said building—of all of which facts the defendant was then and there made aware and duly informed; that at a session of the council January 10, 1905, a resolution was passed by a majority vote of the council, directing the city clerk to draw a warrant in favor of the defendant for $5.34, for four days work from December 28 to December 31, inclusive; that the clerk drew such warrant and tendered it to the defendant before the commencement of said suit, and he refused to accept it; that it was for more than the full amount due the defendant, and that the city was solvent, and then and since had more than enough funds in its treasury to satisfy the warrant, and the treasurer would pay it to the defendant or his order upon presentation, and the warrant, it was alleged, was brought into court for the defendant's use; that the council at a session of January 2, 1905, by a majority vote, passed a resolution authorizing W. A. Branyan (he being the city attorney) as special agent for the city to demand the keys of the defendant, which demand was duly made, but defendant refused the demand, and continued to occupy the building. This paragraph of reply does not appear from the special findings to have been verified by oath. It was further found that the venue of said suit for an injunction, brought by the appellee against the appellant, was changed to the Superior Court of Allen County, and the same being at issue was submitted to the court, and the court, after hearing the evidence, found for the defendant, and pronounced judgment accordingly. It was also found that the appellant is a paper-hanger and painter by trade, with an experience of twenty years at such business; that he had an earning capacity of twenty-five cents per hour, working at such trade; that since March 14, 1905, until the date of the special

findings, he had been regularly employed in his capacity of paper-hanger and painter, and was still so employed.

The court stated as its conclusion of law upon the foregoing facts that the appellant take nothing.

The facts stated before the findings relating to the suit for an injunction sufficiently indicate that there was no effectual delivery of the written contract in suit herein and that it was not duly executed. The facts thus showing that the contract was not executed were substantially set up in the second paragraph of the answer to the first paragraph of the complaint in the case at bar, and that paragraph was sworn to by the city attorney. The first paragraph of the complaint sought recovery of wages for the period of actual service alleged therein, while the second paragraph sought damages for the wrongful discharge of the appellant by prevention of his further service under the contract. The answer to the second paragraph of the complaint was a general denial not sworn to, and, therefore, as to that paragraph of complaint the execution of the contract was conclusively admitted. *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379. This did not preclude the appellee from contesting the amount of damages under that paragraph, and it does not appear from the findings that the appellant suffered damage in any amount because of the breach alleged in the second paragraph of the complaint.

To the second paragraph of answer to the first paragraph of complaint the appellee replied by general denial and also by a paragraph, held good on demurrer, setting up the judgment in the suit for an injunction as a former adjudication of the matters and issues pleaded in that paragraph of answer.

In the suit for an injunction the defendant therein, the appellant here, set up the written contract by way of de-

fense, and, under the form of the issues tried in that suit the execution of the contract was conclusively admitted, and the court found and adjudged in favor of the defendant therein, denying the injunction sought.

The conclusiveness of a judgment of a competent tribunal extends to what was actually determined and also to every matter which the parties might have 5. litigated in the case. *Fischli* v. *Fischli* (1825), 1 Blackf. *360, 12 Am. Dec. 251.

Under a general finding and judgment it will be presumed, in this State, in a subsequent action between the same parties, that all the issues were decided in 6. the former action in favor of the party in whose favor that action so resulted. Where a former judgment is set up in bar of the action, and it appears that the issues in the former action involved the question at issue in the later one, and there was in the former action a general finding and judgment on the merits, and 7. there were other questions in issue in the former action which if determined for the same party would have resulted in the same finding and judgment, then, notwithstanding the jury in the former action may have decided the other way such of the issues of the former action as are involved in the latter, the former adjudication is at least *prima facie* conclusive. *Day* v. *Vallette* (1865), 25 Ind. 42, 87 Am. Dec. 353; *Bottorff* v. *Wise* (1876), 53 Ind. 32; *Jarboe* v. *Severin* (1887), 112 Ind. 572; *Howe* v. *Lewis* (1889), 121 Ind. 110.

To constitute a former adjudication, it is not necessary that the form of action be the same in both cases. It is sufficient if the question in controversy has been 8. once litigated between the same parties. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 21 Ind. App. 599.

· For the purpose of a defense based upon a claim of *res judicata,* a matter is in issue if it be something affirmed

by one party and either denied or admitted expressly or impliedly by the other, and its determination is essential in the rendition of a final judgment upon the merits of the cause as presented by the pleadings. See 1 Van Fleet, Former Adjudication, 62, 63.

Where a matter has become *res judicata,* the fact that the adjudication was in a suit in equity will not prevent its effectiveness as a bar in an action at law. If a party chooses to resort to an application for equitable relief where, if he has a remedy it is one at law, and therefore not in equity, and issues are made triable only by the court, and when tried result in a general finding and judgment against such party, it will not avail him in a subsequent action at law triable by jury to claim that in the former suit he mistook his remedy. He has procured an adjudication on the merits in a court having jurisdiction and must abide the result. *Williamsburgh Sav. Bank* v. *Town of Solon* (1893), 136 N. Y. 465, 32 N. E. 1058.

In the suit for an injunction to restrain the appellant herein from interfering with the property of the city, the defendant therein pleaded the contract for the service which constituted the alleged interference. There was an answer in denial, and the execution of this contract was not effectually denied, and therefore, for the purposes of the cause, it was admitted. The judgment was on the merits and was a general judgment for the appellant herein. The execution of the contract was adjudicated in that suit, voluntarily prosecuted by the city to such result. Such matter could not properly be brought into controversy in the subsequent action on the contract.

We are inclined to think that justice may be best subserved by having another trial. Judgment reversed, and cause remanded for a new trial.