# MITTEN ET AL. *v.* CASWELL-RUNYAN COMPANY.

[No. 7,615. Filed June 28, 1912. Rehearing denied November 27, 1912. Transfer denied February 19, 1913.]

1. JUDGMENT.—*Record.*—*Pleadings.*—The pleadings filed in a cause are a part of the record, though not required to be copied at length into the order-book entries. p. 525.

2. JUDGMENT.—*Res Judicata.*—A judgment determines all material issues involved between the parties to the action and all matters which might have been properly litigated and settled within the issues tendered or made by the pleadings, and is *res judicata* in a subsequent action, though the form of the two actions is not the same. p. 525.

3. JUDGMENT.—*Res Judicata.*—*Issues.*—*Pleading.*—What was in issue in a former action must generally be determined by the pleadings therein, and everything which might have been adjudged under such issues will be presumed to have been adjudicated. p. 527.

4. JUDGMENT.—*Res Judicata.*—*Parol Evidence.*—Parol evidence is not admissible to determine what was in fact adjudicated in a former action, where the pleadings in such action are definite and unambiguous. pp. 528, 530.

5. PRINCIPAL AND SURETY.—*Judgment.*—*Res Judicata.*—Where, in an action by a building contractor to recover on the contract, defendant filed a cross-complaint to recover on the contractor's bond and recovered judgment thereon, such judgment was the measure of the contractor's liability, and is conclusive in a subsequent action on such bond as to the liability of the sureties. p. 530.

From Huntington Circuit Court; *Charles E. Sturgis,* Judge.

Action by the Caswell-Runyan Company against Lewis C. Mitten and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Watkins & Butler* and *Lesh & Lesh,* for appellants.
*John M. Sayler* and *Wm. F. McNagny,* for appellee.

FELT, J.—This was an action brought by the Caswell-Runyan Company against Lewis C. Mitten and his sureties upon a certain contractor's bond, given for the construction of certain buildings. ·

From a judgment for $2,000 this appeal was taken. The errors assigned are: (1) The overruling of appellants' demurrer to the amended complaint; (2) the overruling of appellants' demurrer to the second paragraph of appellee's reply to the second and third paragraphs of appellants' answer; (3) error in the conclusion of law; (4) error in overruling appellants' motion for a *venire de novo;* (5) overruling the motion for a new trial.

Appellants, other than Mitten, also made the same assignments of error, and each appellant separately excepted to each conclusion of law and separately assigned error thereon.

The complaint sought a recovery on a contractor's bond, and alleged a breach thereof in suffering and permitting certain mechanics' liens to be filed against the buildings erected for appellee by appellant Mitten. The complaint states a cause of action against all the appellants. To this complaint all the appellants answered by general denial. They also filed second and third paragraphs of answer as pleas of former adjudication. The second was a partial answer, in which the execution of the building contract and the bond sued on was admitted, but it was further averred, in substance, that on or about January 23, 1908, appellant Mitten sued appellee on said contract, and alleged full performance therof on his part and the furnishing to appellee of a large amount of extra labor and material not covered by the original contract; that in said action appellee filed an answer in seven paragraphs, the last of which was by way of counterclaim and set-off; that in said answer it made said contract and the bond here sued on exhibits, and alleged that said Mitten had violated said contract and bond in this, that he had failed to pay for the labor and material used in the construction of the buildings covered by the contract; that he had not kept the same free from mechanics' liens, but had suffered bills to be and remain unpaid, and liens therefor in the sum of $1,500 to be filed against said prop-

erty. It is also averred that the contract and bond mentioned in this suit are the identical contract and bond set out in and made a part of said counterclaim in said other suit, and the liens mentioned and described in said counterclaim are the identical liens and claims mentioned and described in the complaint in this suit; that appellant Mitten demurred to said counterclaim filed in said former suit; that his demurrer was overruled, and he thereupon filed a reply in general denial; that said cause was thereafter duly tried in the Huntington Circuit Court, and on June 17, 1908, the court made a general finding against said Mitten on his complaint and for said Caswell-Runyan Company on its special answer in the sum of $184.57, and accordingly rendered judgment in its favor against said Mitten for that amount; that said judgment was never appealed from and is in full force and effect, and is *res judicata* of the claim sued on in this action.

The third paragraph of answer set up the plea of former adjudication in general terms, and averred the identity of the parties and the subject-matter of the two suits.

The sureties on said bond—appellants other than said Mitten—set up a special paragraph of answer, in which they admitted the execution of said bond to secure the performance of said builder's contract by said Mitten, but alleged that thereafter and without their consent the buildings were materially changed by alterations and additions, and the cost thereof materially increased, so that the same were wholly different from the buildings for which said contract was executed and for which they became bondsmen; that by reason thereof they are released from liability on said bond.

Appellee's second paragraph of reply to the second and third paragraphs of answer admits that in the suit by said Mitten against appellee mentioned in said paragraphs of answer, it did file the answer as alleged, and that in said suit there was a finding and judgment for said Caswell-

Runyan Company, but it further avers that there was a large number of other issues in said cause, including answers by general denial and payment, paragraphs of set-off and counterclaim, besides the paragraph of set-off and counterclaim described in the answer as aforesaid; that said finding and judgment in favor of said company were on said other issues and not on the answer referred to as aforesaid; that the court which tried said former cause expressly refused to receive any evidence on any of the matters set forth in said counterclaim and in the complaint herein, and refused to pass on, consider or decide any of said matters, but on the contrary said cause was decided ''by said court wholly upon the evidence adduced by plaintiff under its other answers in said cause, as to the value of the labor and material furnished by said Lewis C. Mitten to the plaintiffs and the payments made to him thereon by the plaintiffs. And the plaintiff further avers that the judgment in said former cause does not show, on its face, upon what issues in the cause it was rendered and what issues the court considered and adjudicated. And so the plaintiff says that none of the matters set forth in the complaint in this cause were heard, tried, determined or adjudicated in said former cause.''

A demurrer for want of sufficient facts was overruled to said paragraph of reply. The court heard evidence in support thereof and made a special finding of facts, in which it found the facts to be substantially as therein alleged. The finding states in detail facts showing a breach of the bond, failure to pay bills and certain mechanics' liens on the buildings for which said contract was executed and said bond given; that liens for labor and material amounting to $1,579.89 have been foreclosed, and said Mitten has paid no part thereof; but has himself filed a lien on said buildings for $3,200. The court also found that changes were made in said building, but were immaterial matters of detail; that in said former suit said Mitten sought to recover the con

tract price aforesaid and additional compensation for labor and material made necessary by said changes and alterations; that the issues in said former suit were tried by the Hon. Samuel E. Cook, judge of the Huntington Circuit Court; that both parties adduced evidence on the subject of the alterations and changes aforesaid; that as a result of such trial judgment was rendered for Caswell-Runyan Company against said Mitten for $184.57, which is unreversed and unappealed from. On the facts so found the court stated its conclusions of law in favor of said appellee, and gave judgment in this suit in its favor for $1,579.89.

The controlling question, raised in different ways by the several assignments of error, is that of former adjudication. Put in another form the question is, May a trial court, where matter is plainly in issue by unambiguous pleadings, make a general finding on all the issues, so far as shown by the record, and render judgment accordingly, and in a subsequent suit the same matter be put in issue by pleadings, and parol testimony be admitted to show that the matter though in issue in the first suit was not in fact adjudicated, and that the judgment so rendered was on other issues, and the matter so in issue was not in fact considered and adjudicated?

1. In this State the pleadings filed in a cause are a part of the record, though not required to be copied at length into the order-book entries.

In *Ryan* v. *Rhodes* (1906), 167 Ind. 121, 126, 76 N. E. 249, 78 N. E. 330, it is said: ''The rule is well settled since the decision of this court in *Fischli* v. *Fischli* (1825), 1

2. Blackf. *360, 12 Am. Dec. 251, that a judgment in an action or proceeding determines or settles all material issues involved between the parties to the action and all matters which might have been properly litigated and settled within the issues tendered or made by the pleading.'' To the same effect are numerous decisions, among them the following: *Finley* v. *Cathcart* (1898), 149 Ind. 470, 477, 48

N. E. 586, 49 N. E. 381, 63 Am. St. 292; *Wright* v. *Anderson* (1889), 117 Ind. 349, 354, 20 N. E. 247; *Kurtz* v. *Carr* (1886), 105 Ind. 574, 583, 5 N. E. 692; *Faught* v. *Faught* (1884), 98 Ind. 470.

In *Van Camp* v. *City of Huntington* (1906), 39 Ind. App. 28, 37, 78 N. E. 1057, it is said: "To constitute a former adjudication, it is not necessary that the form of action be the same in both cases. It is sufficient if the question in controversy has been once litigated between the same parties. *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 21 Ind. App. 599 [46 N. E. 360]. * * * In the suit for an injunction to restrain the appellant herein from interfering with the property of the city, the defendant therein pleaded the contract for the service which constituted the alleged interference. There was an answer in denial, and the execution of this contract was not effectually denied, and therefore, for the purposes of the cause, it was admitted. The judgment was on the merits and was a general judgment for the appellant herein. The execution of the contract was adjudicated in that suit, voluntarily prosecuted by the city to such result. Such matter could not properly be brought into controversy in the subsequent action on the contract."

In *Griffin* v. *Wallace* (1879), 66 Ind. 410, 416, it is said: "But, in any given case, where the plaintiff has sued in assumpsit, or in any action, for a number of separate causes of action which might be joined, making the aggregate of such causes the amount for which he demands judgment, if neglecting to withdraw any of those causes from the jury or court on the trial, he fails to establish any of them by proof, he cannot afterward bring another suit for those items." In the same case on page 419, it was also said that if a party "fail in the proof of all that is within the issues in the cause, but such failure is not shown by the record," the rule of former adjudication is applicable.

In *Howe* v. *Lewis* (1889), 121 Ind. 110, 113, 22 N. E. 978, the court said: "That a matter once adjudicated and

finally determined by a court of competent jurisdiction is considered at rest, is a rule which prevails in all civilized nations, with very few exceptions, is not denied. Without such rule the repose of society would be materially disturbed, and communities and courts would be constantly disturbed and harassed by repeated contests, in court, over the same subject of litigation. The difficulty always arises in determining just what has been litigated and settled and in the application of the rule, and never exists in ascertaining what the rule is. The difficulties in applying the rule are largely increased in this State by reason of the fact that the defendant, under our system of practice, is permitted to plead, in separate paragraphs, all the defenses he may have whether legal or equitable. Under this rule defenses are often pleaded which seem to be antagonistic to each other. In such cases where there is a general verdict, or a general finding for the defendant followed by a judgment, the effect of such finding, verdict and judgment is left in some doubt. What was in issue must always be determined by the pleadings. *Sharkey* v. *Evans* [1874], 46 Ind. 472. Everything which might have been adjudged under the issues in a cause will be presumed to have been adjudicated. *Griffin* v. *Wallace* [1879], 66 Ind. 410; *Bottorff* v. *Wise* [1876], 53 Ind. 32; *Goble* v. *Dillon* [1882], 86 Ind. 327 [44 Am. Rep. 308]. If a cause of action was involved in a former action either as a set-off, counterclaim or defense, it is barred by the judgment. *Goble* v. *Dillon, supra; Green* v. *Glynn* [1880], 71 Ind. 336. A party is not bound, when sued, to plead a set-off or counterclaim, but if the issues are so formed as that a counterclaim is, in fact, litigated, the defendant will not be permitted afterward to sue and recover on the same.''

The general rule is that what was in fact in issue in the former action is to be determined from the pleading. *Howe* v. *Lewis, supra,* 114; *Goble* v. *Dillon, supra; People's Sav., etc., Assn.* v. *Spears* (1888), 115 Ind. 297, 300, 17 N. E. 570,

*Green* v. *Glynn, supra; Sharkey* v. *Evans, supra; Fromlet* v. *Poor* (1892), 3 Ind. App. 425, 428, 29 N. E. 1081; *Beaver* v. *Irwin* (1893), 6 Ind. App. 285, 287, 33 N. E. 462. In the last case cited it is said: "Where the pleadings are unambiguous parol evidence is not admissible to show what was actually litigated, or what cause of action or defense the judgment is based upon." See, also, *Gentry* v. *Purcell* (1882), 84 Ind. 83; *Pickrell* v. *Jerauld* (1891), 1 Ind. App. 10, 27 N. E. 433, 50 Am. St. 192; *Furry* v. *O'Connor* (1891), 1 Ind. App. 573, 28 N. E. 103.

There are exceptions to the general rule where parol testimony may be received to determine what was in fact adjudicated, but the case before us does not fall within any of such exceptions. The pleadings are definite and unambiguous, and the case falls within the general rule of former adjudication. Appellee does not claim that there is any ambiguity in the pleadings, but asserts that the rule is in all cases that the judgment is only *prima facie* proof of what was adjudicated, and that parol proof may be heard to show that matter clearly embraced within the issues was not in fact adjudicated. It may be conceded that there is language in some Indiana cases and some decisions tending to support this view. But the rule as declared by numerous decisions of the courts of last resort of this State and by the prevailing weight of authority elsewhere, is as above indicated, and the exceptions by no means warrant the sweeping rule contended for by said appellee. To open the door to parol proof in every case would be to destroy the binding force and stability of the judgments of our courts and to change the effect of the record by parol proof. The cases where parol proof is admissible are generally cases where such proof is necessary on the question of the identity of parties or the subject-matter, where the pleadings are indefinite or ambiguous, or for some reason it cannot be ascertained from the record and pleadings what was in fact adjudicated. Where the record, including the

pleadings, is clear and unambiguous, it is the best evidence, and controls.   2 Van Fleet, Former Adjud. §§422-435.

The case most confidently relied· on by appellee company is *Bottorff* v. *Wise, supra.*   The court in that case passed on the sufficiency of a reply of former adjudication and held it good, and stated that a possessory action to recover lands and *mesne profits,* followed by a judgment thereon, was not a bar to an action for waste and injury to land.   This was all that the case actually decided, but the rule is broadly stated that the presumption that all matters within the issues were determined is not conclusive.   This language as applied to the facts of that case may have been correct, and under the well-recognized rule we are not warranted in making a broader application of the rule than the facts of that case warrant.   The case is cited in *Goble* v. *Dillon, supra,* where the rule is more fully and accurately stated on page 332.   Appellee company also relies on the case of *Russell* v. *Place* (1876), 94 U. S. 606, 24 L. Ed. 214, and it may be admitted that its contention is, to some extent, sustained by some of the language there employed.   But the rule as generally declared in this State and other states is recognized, and on page 608 it is said: "To apply the judgment, and give effect to the adjudication actually made, when the record leaves the matter in doubt, such evidence is admissible.   *   *   *   The record wants, therefore, that certainty which is essential to its operation as an estoppel, and does not conclude the defendants from contesting the infringement or the validity of the patent in this suit."

In 2 Van Fleet, Former Adjud. §422, it is stated that there is some confusion in the decisions over the question of admissibility in evidence of the secret deliberations of the judge or jury to determine that an issue was or was not decided, but the cases cited by the author show the weight of authority to be against their admissibility except in unusual cases unlike the one at bar. In 2 Van Fleet, Former Adjud.

§428, the author quotes with approval from *Chapman* v. *Smith* (1853), 16 How. 114, 133, 14 L. Ed. 868, as follows: "If the facts in issue appear upon the record, either expressly or by necessary intendment, it is not competent to contradict them, as this would be contradicting the record itself. The judgment is conclusive upon these facts, between the same parties or privies, whenever properly pleaded."

It is also asserted that the plea of former adjudication must fail because appellants, other than Mitten, who were the sureties on the bond, were not parties to the first suit. But for the fact of suretyship, this claim would present a serious question. The bond was given to secure the performance of the building contract and save appellee company harmless from the liens that might be placed against its property. The identical contract, bond and liens were set up in the former suit against Mitten, the principal on the bond, and appellee company secured judgment against him. This judgment was the measure of the principal's liability, and when his liability is extinguished the sureties are released.

The answer of former adjudication was partial, and covered all amounts in excess of the former judgment. 2 Van Fleet, Former Adjud. §572 *et seq.; City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 603, 67 N. E. 443, 66 L. R. A. 119.

The contention that the evidence is not in the record cannot be sustained. The foregoing discussion and authorities show that it was error to admit the testimony of the judge who tried the former suit, to contradict the record or change the effect of the judgment rendered in that case.

Judgment reversed, with instructions to the lower court to sustain the motion for a new trial, to sustain the demurrer to the second paragraph of the reply to the second and third

paragraphs of the answer, and for further proceedings in accordance with this opinion.

Hottel, C. J., Myers and Lairy, JJ., concur. Adams, P. J., and Ibach, J., absent.

Note.—Reported in 99 N. E. 47. See, also, under (2) 23 Cyc. 1221; (3) 23 Cyc. 1295; (4) 23 Cyc. 1538, As to the conclusiveness of a judgment, see 15 Am. St. 142. As to judgment as subject of counterclaim, see 47 Am. St. 591. For a discussion of the application of the doctrine of *res judicata* to issues in an action as to which the judgment is silent, see 6 Ann. Cas. 104.